## Irwin *against* Shoemaker.

Watts&S.
8ws 75
186 438

8ws 75
190 337

8 WS 75
24 SC 204

If bonds and a mortgage be given by a vendee to secure the payment of the purchase money of the land sold, it is competent, in an action upon the bond, for the vendee to prove that it was a part of the contract of sale that the vendor was to look alone to the property sold as a security for the payment of the purchase money. This proof, when made, constitutes no defence to the recovery of a judgment upon the bond, but the court will so control the execution of it, that it shall not be levied upon any other estate or property of the vendee.

ERROR to the Common Pleas of *Beaver* county.

William Irwin against Peter Shoemaker and others. This was an action of debt upon three bonds. The plaintiff sold to the defendants a piece of land, and took from them the three bonds upon which this suit is brought, conditioned for the payment of $325 each, on the 1st August 1838–39 and '40, for the balance of the purchase money, and at the same time took a mortgage upon the land sold. The defence was, that at the time of the contract of sale the parties agreed that the land conveyed to the defendants should alone be liable for the security and payment of the balance of the purchase money. The scrivener testified that at the time the contract was entered into, the plaintiff wanted the defendants to give a judgment for the purchase money; but they refused, saying that they had other property which they did not wish should be bound for it, and then Mr Irwin agreed to take the mortgage; and that he had no further recollection about it. Another witness, who was one of the obligors in the bonds, but who had been discharged under the Bankrupt Law, testified: " that

[Irwin v. Shoemaker.]

the bonds and mortgage were given for the balance of the pur-
chase money, and that the agreement was, that the money was to
come out of no other property but the one sold: Mr Irwin then
agreed to take the mortgage; and why the bonds were given, I
cannot tell."

The plaintiff requested the court to instruct the jury: " that
there is not sufficient evidence in this cause to set aside the bonds,
and that their verdict should be for the plaintiff." But the court
replied, that if the jury believed that the agreement spoken of by
the witnesses was made between the parties at the time the con-
tract was entered into, the plaintiff was not entitled to recover.

*Agnew*, for plaintiff in error, cited 1 *Watts* 35; 1 *Watts &*
*Serg.* 195.

*Washington*, for defendant in error.

The opinion of the Court was delivered by

Rogers, J.—An instrument of writing may be reformed, by
proof of circumstances which occurred at the time of its execu-
tion, showing either fraud or mistake; but to set aside a solemn
agreement between parties and convert it into an obligation of a
different import, the evidence of fraud or mistake ought to be of
what occurred at the execution, and should be clear, precise and
indubitable. It would be error, as is held in *Stine* v. *Sherk*, (1
*Watts & Serg.* 195), to submit a question of fraud or mistake to
the jury upon slight, trivial, parol evidence. These are the well-
established principles of law, which must be applied to each case
as it arises. The evidence on which this defence rests seems to
have been given without objection: at least none appears on the
record. The plaintiff, however, contends that it was of such a
nature, so uncertain and unsatisfactory, that the jury could not
undertake to reform the bond, and that the court ought so to have
instructed them. If the case depended on the evidence of the
scrivener, there would be great force in the objection, for his tes-
timony merely proves that the dispute was as to the mode and
manner of securing the purchase money; the vendor insisting upon
a judgment, the vendee contending that it should be secured by a
mortgage on the purchased premises. The testimony of Porter,
however, one of the obligors in the bond, gives the transaction a
different complexion. He proves, as the court say, that the bonds
and mortgage were given for the balance of the purchase money,
and that the agreement was, that the money was to come out of
no other property but the property sold. Now, however irrecon-
cileable this evidence may be with the fact of the execution of
bonds accompanying the mortgage, whose legal operation is so
different, the omission of the scrivener to insert so important a
provision in the agreement, and the marked difference between his

[Irwin v. Shoemaker.]

testimony and the testimony of Porter, the obligor, yet we think there is nothing in the case which would justify the court in withdrawing it from the jury, and undertaking to instruct them, as a matter of law, that the defendant had failed in his defence. The case depends on the degree of credit to be attached to the testimony of the two witnesses; for, if Porter is believed, it is the case of a mistake of the scrivener in omitting to put this essential part of the agreement in writing, which has always been held a ground of equitable relief. But supposing all the testimony to be true, what its legal effect may be is another question. It is necessary to inquire whether it is a defence to the action, or, in other words, whether the bond is a nullity or an agreement merely that none but the mortgaged premises shall be answerable for the debt. And we think the latter to be the true construction of the contract, giving the testimony all the force to which it is justly entitled. Why may not the plaintiff have two securities, one on his mortgage, and another and a better one on the bond, the judgment and execution to be controlled by the court, so as to prevent a levy on other than the mortgaged premises? Indeed, it may be doubted whether, on any other principle, the evidence would be admissible, as there is a great difference between the destruction and the reform of an instrument of writing. It may be remarked that there is a substantial difference between the remedy on the bond and the mortgage. The latter cannot be sued out until a year after the last instalment is payable, whereas suit may be brought on the former when it becomes due.

Judgment reversed, and a *venire de novo* awarded.