## HILL *v.* GAW.

In an action on a post-dated check, the affidavit of defence set up a parol agreement made at the time of its execution, that payment was not to be demanded at maturity, but that time was to be given at the election of the drawer. *Held*, that such evidence would be inadmissible, and was no defence to the action.

IN error from the District Court for the city and county of Philadelphia.

*Jan.* 26, 27. Assumpsit on a check drawn by plaintiff in the following words:

"Mechanic's Bank,  *Philadelphia, Jan.* 10, 1845.

Pay to J. G. or bearer, six hundred twenty-five dollars.

$625.  JOSEPH HILL."

The defendant filed an affidavit of defence as follows:

The plaintiff and defendant for several years past have been in the habit of lending money to each other, they have had dealings also in merchandise, and each has loaned his paper to the other for his accommodation. The result of these transactions was that a note was given by the defendant to the plaintiff for the sum of $825, which fell due on or about the 5th January, 1845, but it was understood and agreed at the time said note was given, (defendant often in like manner accommodated plaintiff,) that payment was not to be made on the day the note fell due. When the note fell due, the defendant settled it by giving to the plaintiff $200 in cash, *and*

2 T

*a check for* $625, *dated January* 10, 1845, and it was expressly under-
stood and agreed by and between the parties at the time the cash and
check were given, that if the defendant so desired, the said check
should be taken up by giving a note of defendant in favour of plain-
tiff, at four months for the amount, and the defendant paid the said
sum of $200, and gave his check for $625 in consideration and con-
sequence of the express promise and agreement of the plaintiff,
so to give this defendant the four months' credit in manner aforesaid.
That this last arrangement of the $825 note and the agreement and
promise of the plaintiff aforesaid were all one transaction, and occurred
at the same time, and were carrying out the original contract made when
the $825 note was given.   That on the day the said check fell due,
this defendant informed the plaintiff that he did desire that the said
check should be taken up by his note at four months, according to
the agreement before mentioned; and that on the same day and
before three o'clock, he tendered to him, in accordance with said
agreement, his note in favour of the plaintiff, dated January 10,
1845, payable four months after date, for the sum of $625, with in-
terest, which note so tendered the plaintiff refused to accept in pay-
ment of said check then in his possession, but before the four months'
credit agreed in manner aforesaid to be given to this defendant had
expired, the plaintiff brought this suit thereon.

A rule for judgment for want of a sufficient affidavit having been
argued, the court, on the 9th of April, entered on the docket: "De-
fendant allowed to file a supplemental affidavit of defence, stating
particularly the contract between the parties relative to the time of
payment of the note of $825, mentioned in the affidavit of defence."
On the 21st, judgment was entered, defendant declining to file any
other affidavit.

*Stokes*, for plaintiff in error.—Was there an agreement, to go to a
jury?   The only question is, was there a consideration?   There was
a mutual accommodation, and part payment in cash, which are suf-
ficient.   Badnall *v.* Samuel, 3 Price, 533; 8 E. 577; 1 Rawle, 391;
5 Whart. 500; 2 Whart. 253; 9 Watts, 273; 15 Serg. & Rawle, 162;
4 Watts & Serg. 263; 5 Whart. 95; 1 Cow. 359; 10 Serg. & Rawle,
75; 6 Watts, 498; 4 Watts, 448.

*McMurtrie* and *Cadwalader*, contrà.—The affidavit is evasive, and
this clearly appears from the refusal to set out more particularly the
original agreement and the fact that time was given, as is therein al-
leged to have been agreed.   Any new agreement made at that time
would be unavailing, for want of consideration.   The part payment

of an existing debt is no consideration for an agreement as to the residue. Cumber *v.* Wayne, 1 Stra. 426 ; Fitch *v.* Sutton, 5 E. 230 ; Harrison *v.* Close, 2 Johns. 448. 'Nor would the agreement to give a new note have any effect. It would be, until accepted, an accord without satisfaction. Cock *v.* Honeyhurch, 1 Mod. 69 ; Weakly *v.* Bell, 9 Watts, 280. But the agreement is a parol one, to alter an express written contract in its most vital point, and it is perfectly settled that such cannot be admitted in evidence. Hoare *v.* Graham, 3 Camp. 57 ; Free *v.* Hawkins, 8 Taunt. 92, (4 E. C. L. R.) ; Mosely *v.* Hanford, 10 Barn. & Cres. 729, (21 E. C. L. R.) ; Buck *v.* Fisher, 4 Whart. 516. Such evidence may be admitted to affect the consideration which includes the relation of the parties, but not the terms of the agreement. Rossin *v.* Walker, 1 Stark. 361, (2 E. C. L. R) ; Redoubt *v.* Bristow, 1 Cromp. & Jerv. 236. These cases were between original parties, or with notice. None, however, are stronger than Stroop *v.* Ransom, 10 Watts, 297.

*Williams*, in reply.—There was an agreement, and the question is, can it be enforced ? Reasonable time in a promise to forbear is good, but if the time was too vague, it was reduced to a certainty by the parties in their second agreement. The party was not bound to answer a second time, and no inference is to be made from his refusal. [*Per Curiam.*—The court ought not to have put that on the record ; the party had the right to rest on his original affidavit, and that is your case here.] A check is not such a mercantile instrument that the rules of evidence contended for can be applied to it ; it is often used as a memorandum merely. It is saying, if I have the money I will pay ; if not, there may be a new arrangement when it is due. There being then a consideration for the agreement, it was proper to go to a jury.

*Feb.* 15. ROGERS, J.—We are of opinion the plaintiff is entitled to judgment on the first point. It has been repeatedly ruled, that oral testimony is not admissible to contradict, vary, or materially affect, by way of explanation, any written contract. There are some exceptions to the rule, founded in mistake, or fraud, but they never have been extended so far as to admit evidence of a distinct, independent, parol agreement, which varies, alters, or contradicts the written contract, whether by bond, promissory note, bill of exchange, or by a check, which is in the nature of a bill of exchange. This point was decided by Lord Ellenborough, at Nisi Prius, in Hoare et al. *v.* Graham, 3 Camp. 56. In that case it is ruled, that in an action on a promissory note, or bill of exchange, the defendant cannot give in

evidence a parol agreement entered into when it was drawn, that it should be renewed, and payment should not be demanded when it became due. So in Mosely, assignee of Robinson, a bankrupt, *v.* Hanford, 10 Barn. & Cres. 729, where a promissory note, on the face of it, made payable on demand, and evidence of an agreement entered into when it was made, that it should not be paid until a given event happened, was ruled to be inadmissible. The same point is decided in Free *v.* Hawkins, 8 Taunt. 92. In the last case, Park, J., mentions he was counsel in Hoare *v.* Graham, and that the counsel were unable to answer the question of Lord Ellenborough, What would become of bills of exchange or promissory notes, if they might be cut down by a secret agreement that they shall not be put in suit? The condition of a renewal entirely contradicts the instrument the defendant has signed. Such an agreement, if made, rests in confidence and honour, and is not, as Lord Ellenborough truly says, an obligation of law. If there be such an agreement, let it form part of the instrument itself; for the very object of reducing the contract to writing, is to get rid of the uncertainty and doubt which always attend, more or less, oral testimony. Parol evidence, to enlarge the time for performing a condition, or a waiver of the performance of a condition, is ruled inadmissible in Fleming *v.* Gilbert, 3 Johns. 528. So in Keating *v.* Price, 1 Johns. Ca. 22, the court refused to allow a parol agreement to enlarge the time of a written contract. These authorities, and many which may be readily cited, rule the point; for we perceive no difference between a promissory note, bill of exchange, and a check, which is a written order or request addressed to a third person having funds in his hands, requesting him to pay on presentment to a person named, or to bearer, a given sum of money. It is a commercial instrument, resembling a bill of exchange, and is usually, though not always, payable to bearer, and passes from hand to hand by delivery. It receives the protection of the court as much as a bill of exchange or promissory note. It therefore comes within the reason of the rule. In this case, the check was post-dated five days, and certainly, the holder had reason to expect payment without delay when it became due. It was an engagement on the part of the drawer that he either had or would have funds in the hands of the payer, at the day of its date. A parol agreement, therefore, to extend the time of payment from five to one hundred and twenty days, contradicts the tenor of the instrument, and is, therefore, inadmissible, on the principles ruled in the cases cited. It must be remarked, that the defendant's affidavit contains no allegation of mistake or fraud in drawing the check.                     Judgment affirmed.