## Hoopes *versus* Beale.

1. It is well settled, except in the case of negotiable paper, that parol evidence is admissible to contradict, vary or even avoid a written instrument, where it is proved that but for the oral stipulation it would not have been executed.

2. Where the evidence of what occurred at the execution of the instrument is clear and precise, there is no limitation to the power to modify, explain or reform written agreements by parol evidence.

3. A. executed a bond and mortgage to B., who assigned it to C. The latter died, and in a suit brought by B. to the use of C.'s administrators: *Held*, that parol evidence was admissible to prove that the bond and mortgage were executed with the understanding that there would be no personal liability. *Held, further*, that the suit being in reality by an administrator, A. was incompetent as a witness.

March 28th 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Chester county*: Of January Term 1877, No. 96.

Debt by William B. Hoopes to the use of Samuel H. Hoopes and others, administrators of Abraham Baily, deceased, against Horace A. Beale and others, members of Williamson Lodge, No. 309, A. Y. M.

The *narr.* contained four counts. The first was on a bond made on behalf and by the authority of defendants, by which they acknowledge themselves to be bound to plaintiffs in the sum of $20,000. The other three were the common counts. The defendants pleaded *non est factum, nil debit*, payment with leave, &c.

At the trial it appeared that this bond was given by Wells and other trustees of the lodge to William B. Hoopes for $10,000, secured by a mortgage on the real estate of the lodge, which mortgage was assigned to Abraham Baily. It also appeared that there was a prior mortgage of $4000 on the said premises, under which the real estate had been sold; that an auditor had been appointed to distribute the fund arising from the sale; that in said distribution the $4000 was paid in full, and a portion of the $10,000. This suit was brought to recover the balance. The defendants offered to prove by Wells and other defendants, "that Mr. Hoopes had the money and proposed to lend it to the trustees on behalf of the lodge, and that at the time the trustees had some hesitancy about putting their names to the bond and mortgage and said they would not do it if there was to be any liability on any person; that the security was to be solely the real estate to be covered by the mortgage; that Mr. Hoopes said distinctly that he did not ask any personal security; that all he asked was the real estate; that he was told more than once on the occasion by the trustees that they would not take the money if they were to be held liable for it, and that the transaction was then completed; this being on the same

[Hoopes v. Beale.]

day the papers were executed and after the papers were prepared; that the money was received and the papers delivered in pursuance of the promise of Mr. Hoopes."

The plaintiffs objected both to the admissibility of the evidence proposed to be given, and to the competency of Wells and the other defendants to testify as to the matter proposed. The court, Butler, P. J., overruled the objections, and permitted the witnesses to testify.

The verdict was for defendants. The plaintiffs, inter alia, assigned for error the admission of the foregoing evidence.

*Charles H. Pennypacker, Wayne MacVeagh* and *Joseph J. Lewis*, for plaintiffs in error.—The witnesses were the obligors in a bond, the assignee of which is dead, and his administrators are the equitable and real plaintiffs. They were clearly incompetent under the Act of 1869. The suit is indeed in the name of Hoopes, but for the use of the administrators of Baily, who was, in his lifetime, assignor and sole owner of the bond. The administrators might, indeed, have sued in their own names. But the form of the action can make no difference, as to the evidence, which may be admissible for either party. There can be no advantage gained or lost by suing in the name of the assignor, for the use of the assignee, or in the name of the assignee, as the legal plaintiff. Parol evidence was not admissible to contradict the terms of the bond.

*John J. Pinkerton, R. E. Monaghan* and *P. Frazer Smith*, for defendants in error.—The evidence was admissible: Lippincott v. Whitman, 2 Norris 244; Greenawalt v. Kohne, 4 Id. 369. The witnesses were competent under the Act of 1869; Pattison v. Armstrong, 24 P. F. Smith 476. Executors and administrators are not the plaintiffs here. Hoopes is the plaintiff technically; he stands so on the record; he is so spoken of in the declaration as the party with whom the contract was made. The plaintiff could not have declared in any other way than that the contract was made with him; there is no averment of any interest whatever in the use parties.

Mr. Justice GORDON delivered the opinion of the court, May 7th 1879.

That parol evidence may be admitted to contradict, vary or even avoid a written instrument, where it is proved that, but for the oral stipulations, it would not have been executed, is a doctrine now so well settled that its discussion would be a mere waste of time. It is understood that this rule does not apply to negotiable paper, when in the hands of innocent holders for value, but other than this, we know of no exception.

Admitting the competency of the evidence, and there is no doubt but that Wells, Mullin and Doan, the trustees of the lodge, signed the bond in suit, with the express understanding that they were not to be personally liable, and it is manifest, that under no other condition would they have executed it.

This brings the transaction directly within the ruling of Irwin *v.* Shoemaker, 8 W. & S. 75, wherein it was held, that where a mortgage and bonds were given to secure the purchase-money of land sold, it was competent, in an action on one of the bonds, for the vendee to prove that it was part of the contract that the vendor was to look alone to the property sold for payment of the said purchase-money. It is indeed true, as was said by Mr. Justice ROGERS, in that case, in order to set aside the solemn agreement of the parties and convert it into an obligation of a different import, the evidence of the fraud or mistake ought to be of what occurred at the execution of the instrument and should be clear and precise, but when these conditions are fulfilled there is no limitation to the power to modify, alter, explain, or reform written agreements, by parol evidence, excepting only negotiable paper, as above stated.

It is urged, however, that, in the case in hand, there is no evidence of fraud in the original transaction. It may be that William B. Hoopes intended no fraud when the bond in suit was executed; but having obtained the obligation for one purpose, his attempt afterwards to use it for another, was such a fraud as brings the case within the rule above stated: Renshaw *v.* Gans, 7 Barr 117.

A more serious question arises from the admission of the defendants, Wells, Mullen and Doan, as witnesses. The action is by administrators, and, hence, as to it, the Act of April 15th 1869, does not apply. As was said, by our brother MERCUR, in Taylor *v.* Kelly, 30 P. F. Smith 95, "The same imperative 'shall not apply,' extends as well to a case in which an executor is a party, as to the prohibition of husband and wife testifying against each other, and counsel to the privileged communication of his client. The language is neither doubtful nor obscure. Its clear and mandatory edict takes all these cases out of the statute." It follows, that cases falling within the proviso, stand just as though the Act of 1869 had never been passed, and we need scarcely say, that, before the passage of that act, the evidence of these defendants would not have been admissible.

It is true the assignor of the bond, William B. Hoopes, is alive and was admitted to testify on part of the plaintiffs, but this bond was assigned to Baily in his lifetime, and at his death was part and parcel of his estate, and as such is now sought to be collected by his administrators. The assignment was made in due form, under the Act of 28th of May 1815, and so became as absolutely the property of Baily as though it had been originally drawn to

him.   The administrators might have brought suit in their own names;  the use of Hoopes's name as legal plaintiff is surplusage. This, however, is of minor importance, because the determining facts of the case are, that the suit is by the administrators and for the estate, and it alone must reap the benefit or suffer the loss resulting therefrom.    It follows, that none of the parties to the bond were competent witnesses.

The judgment is reversed and a new *venire* is ordered.