## Fuller *v.* Law, Appellant.

*Evidence—Parol evidence—Promissory notes.*

In an action on a promissory note the defendant will not be permitted by his own testimony alone to contradict the direct promise to pay contained in the note, by proof that the note was given in payment for stock of a corporation, that the note was to be paid out of dividends on the stock, and that no dividends had ever been declared or paid.

| 207 | 101 |
| 27 SC | 379 |
| 207 | 101 |
| d217 | 526 |
| 207 | 101 |
| 34 SC | 82 |
| f 34 SC | 83 |
| f 34 SC | 84 |
| f 34 SC | 85 |
| 207 | 101 |
| f220 | 290 |
| f221 | 170 |

Argued April 15, 1903.    Appeal, No. 101, Jan. T., 1903, by defendant, from judgment of C. P. Luzerne Co., March T., 1900, No. 96, on verdict for plaintiff, in case of Edward L. Fuller *v.* John B. Law.    Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ.    Affirmed.

Assumpsit on promissory notes.    Before FERRIS, J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $7,619.95.    Defendant appealed.

*Error assigned* amongst others was in rejecting the offer of evidence quoted in the opinion of the Supreme Court.

*J. B. Woodward* of *Woodward, Darling & Woodward,* for appellant, cited: Hoopes v. Beale, 90 Pa. 82; Walker v. France, 112 Pa. 203; Plunkett v. Roehm, 12 Pa. Superior Ct. 83; Greenawalt v. Kohne, 85 Pa. 369; Barclay v. Wainwright, 86 Pa. 191; Juniata B. & L. Assn. v. Hetzel, 103 Pa. 507; Cullmans v. Lindsay, 114 Pa. 166; Bown v. Morange, 108 Pa. 69; Breneman v. Furniss, 90 Pa. 186; Loeb v. Mellinger, 12 Pa. Superior Ct. 592; Hill v. Ely, 5 S. & R. 363.

*John McGahren,* with him *Willard, Warren & Knapp,* for appellee.—Hacker v. Nat. Oil Refining Co., 73 Pa. 93; Spanlore v. Westrup, 1 W. N. C. 156; Rodelheim v. Ward, 1 W. N. C. 50; Dyott v. Williams, 21 W. N. C. 226; Phillips v. Meily, 106 Pa. 536; Coughenour v. Suhre, 71 Pa. 462; Heist v. Hart, 73 Pa. 286; Philler v. Esler, 29 W. N. C. 258.

OPINION BY MR. JUSTICE DEAN, October 12, 1903:

Defendant was employed by the Old Forge Coal Mining Company as manager. Plaintiff was president of the company

and sold to the defendant $20,000 worth of the stock for $30,000. Defendant paid $25,000 in cash and gave a note for $5,000 in suit for the balance. This note was renewed from time to time until September 18, 1899, when the two notes in suit were given by defendant to plaintiff, the one for $1,500 being for the aggregate of discounts on the renewals of the $5,000 note; both notes went to protest at the bank where they had been discounted and plaintiff lifted them; thereupon he brought suit against defendant. Defendant at the trial set up as a defense a contemporaneous parol agreement, by plaintiff, that the notes should be paid in an entirely different manner than that stipulated on their face, and proposed to prove the agreement by his own oath alone. The following is a copy of the notes:

"$5,000.                                    No. 40718.
"PITTSTON, PA. September 18, 1899.

"January 18th after date I promise to pay to the order of E. L. Fuller five thousand dollars, at the Miners' Savings Bank of Pittston, without defalcation, for value received.

"JOHN B. LAW.

"$1500.                                    No. 40719.
"PITTSTON PA., September 18, 1899.

"January 18th after date for value received I promise to pay to the order of E. L. Fuller fifteen hundred dollars, at the Miners' Savings Bank of Pittston, having deposited with the said bank, as collateral security, certificate 16 representing thirty shares of Girard Coal Company stock, with authority to sell the same at private sale or otherwise, at its option, on the non-performance of this promise, without notice.

"JOHN B. LAW."

The court overruled the offer on the ground, that the evidence offered was in contradiction of the writing; no other evidence being offered, the court directed the jury to render a verdict for plaintiff for the amount of the two notes with interest; defendant appealed from the judgment entered on the verdict and assigns for error the ruling of the court on the offer of evidence.

There is no doubt, that there is much apparent and some real conflict in the numerous cases involving the question, as to when parol testimony is admissible in contradiction of

written instruments. Since the legislation, however, allowing the parties to such instruments to testify in their own behalf, we have endeavored to save whatever is left of the rule " that parol evidence is inadmissible to vary or contradict written instruments " by somewhat more rigid rulings tending to exclude parol evidence. We concede, success in that direction has not as yet been what we hoped for. We started with Juniata Building & Loan Association v. Hetzel, 103 Pa. 507, and there held that the defense set up in an action at law on a written instrument was an equitable defense supported alone by the oath of one of the parties to the instrument, and that this was not sufficient, saying : " Now that parties are competent witnesses each may oppose his oath to the others, and certainly when written contracts or obligations are to be impeached by defenses purely equitable, the reason is stronger than formerly for enforcing the rules of evidence applicable to cases in equity." This was followed by other cases, the most pointed one, that of Phillips v. Meily, 106 Pa. 536, in which the same equity rule of evidence, that to set aside or vary a written instrument, there must be two witnesses or one witness and corroborating circumstances, was applied in an action on a promissory note. Here John B. Law, defendant, was the single witness and this was the exact offer :

" We propose to prove by the witness on the stand that the original debt for which the note of $5,000 was given in part payment, arose out of a transaction between the plaintiff and the defendant, in which the plaintiff sold to the defendant stock of the old Forge Mining Company par value of twenty thousand dollars, for which the defendant paid thirty thousand dollars, twenty-five thousand dollars being in cash, the proceeds of a collateral note with the stock pledged as collateral for the loan and five thousand dollars by a note which was the original note in suit, the note being a renewal of that note. That this stock was sold with the guarantee that the dividends would pay the purchase price within six years, and that if it failed to pay the purchase price in six years, that he need not pay the five thousand dollar note at all. That in any event the five thousand dollar note might be paid by the application of the dividends, and it was this representation that induced the defendant to take the stock and give the note. That the plaintiff also agreed

not to have the note discounted, but to hold it himself.   That after holding it four months he came to the defendant and asked him to make a new note in the form of a negotiable note, that he might want to raise the money.   Plaintiff consented, with a renewal of the agreement that the note should be paid from dividends.   After holding the note for another month, until October, 1894, he had it discounted, and when it became due refused to pay it or renew it, and the defendant was obliged to renew it, and take care of it until the last renewal; and that the refusal of the plaintiff to carry the note until the dividends paid the note was a fraud upon the defendant and that no dividends ever accrued on the stock."

Defendant offered no other testimony in support of the alleged parol agreement, neither sustained nor offered to sustain him by other witnesses or by corroborative circumstances. Surely, the testimony of a single witness, and he the defendant, ought not to be sufficient to contradict and set aside his deliberate promise in writing to pay on a fixed day, absolutely, a certain sum in money.

But besides this, the court below placed its ruling on the ground that the offer even if sustained was not proof of such fraud, accident or mistake in the execution and delivery of the writing as rendered it admissible.   In this the court was correct; the proposed evidence amounted to nothing more than an offer to prove an independent parol contract, that the note was to be paid in another method than that expressed on its face.   It is straining both legal and moral definitions, to call the mere failure to perform an oral promise to accept payment in a particular form, a fraud; dishonest it may be, but it is no more a legal fraud than the immediate collection of a past due debt on which the creditor has orally promised the debtor indulgence.   As there was no fraud in the creation of the instrument, nor in not waiting until the dividends on the stock paid it, it comes under the rulings in Hill v. Gaw, 4 Pa. 493, Hacker v. National Oil Refining Co., 73 Pa. 93, and the other authorities cited by the learned judge of the court below, holding that evidence of fraud, accident or mistake can alone successfully contradict or set aside the writing.   As to the other assignments, they possess no merit warranting discussion; all are overruled and the judgment is affirmed.