## Wheatley, Appellant, *v.* Niedich.

*Evidence — Parol evidence — Written instrument — Mortgage — Chattel mortgage.*

If a man is induced to execute and deliver a written instrument by a parol agreement made at the time, without which he would not have made the written agreement, it is a fraud to attempt to use the written agreement for a different purpose than that understood at the time of its execution and delivery.

In an action on an agreement in writing for the sale of a chattel, to recover deferred installments of purchase money secured by a chattel mortgage executed under the laws of New York, an affidavit of defense is sufficient which avers that it was expressly and distinctly understood by and between the defendant and plaintiff at and before the execution of the mortgage and the agreement, and as an inducement to the defendant for executing the mortgage and agreement, that the chattels on which the mortgage was given, only should be responsible and liable in case of a

default in payment of the installments secured by notes of the third party, and that in no event and under no circumstances should the defendant be personally or individually responsible or liable for the default of the third party.

Argued Dec. 16, 1903. Appeal, No. 228, Oct. T., 1903, by plaintiff, from order of C. P. No. 3, Phila Co., Dec. T., 1902, No. 1551, discharging rule for judgment for want of a sufficient affidavit of defense in case of Seward Wheatley v. Samuel A. Niedich. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for balance of purchase money of chattels.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was the order of the court discharging rule for judgment for want of a sufficient affidavit of defense.

*Arthur Straus Arnold,* for appellant.

*Ruby R. Vale,* for appellee.

OPINION BY MORRISON, J., January 21, 1904:

This was an action of assumpsit wherein the plaintiff filed his declaration claiming to recover from the defendant $395 with interest from September 26, 1900. The plaintiff declared upon a written instrument of which the following is a copy: " Sept. 26, 1900, in consideration of the sum of $900 the parties hereto agree as follows: Seward Wheatley of the first part sells to Samuel A. Niedich, of the second part all his interest in the Herman Process, a business situated at Nos. 409 and 411 Pearl Street, City of New York, including the good will and chattels of said business ; Niedich agrees to pay, in consideration of said sale and transfer, to said Wheatley, the sum of $1,150 ; $250 at the execution of this instrument and the remaining $900 in installments of $75, the first of each and every month, beginning with the first of November, 1900, and continuing thereafter until the full sum of $900 is paid ; Niedich executes to Wheatley a chattel mortgage of the goods

and chattels used in the business, hereby sold, to secure the payment of the monthly installments, above mentioned, and Wheatley hereby executes a bill of sale to Niedich of said business and chattels." This instrument was signed and sealed by Wheatley and Niedich.

The defendant executed and delivered the chattel mortgage mentioned in the agreement.

The affidavit of defense is very lengthy and undertakes to give a complete history of the transactions between Niedich and Herman and Sibley which led up to the transaction involved in this suit. It appears from the affidavit of defense that Niedich owned the plant and property mentioned in the above agreement in 1899 and 1900, and that he sold the same to Herman for the sum of $2,000, which was secured by a chattel mortgage from Herman to the defendant payable within five years from the date of its execution. It further appears that in the year 1900 Herman entered into partnership with Seward Wheatley, to whom subsequently Herman sold and transferred for a consideration of $190 all of Herman's right, title and interest in all the stock, merchandise, good will, machinery and fixtures of the said business. This transfer included the property mentioned in the above quoted agreement. It further appears that on September 26, 1900, Benjamin Sibley desired to secure the said business and plant located at Nos. 409 and 411 Pearl street in the city of New York, together with the good will of same and the right to operate the Niedich Process in said city, which plant and business the said Wheatley was willing to sell and transfer to the said Sibley; that on said last mentioned date the defendant, Wheatley, and Sibley, met in New York city, and it was then and there mutually agreed by and between the said parties that the said business and plant should be transferred and virtually sold to the said Sibley for the sum of $900, and it was further agreed that the said Sibley should execute promissory notes for the amount of $900 payable to said Wheatley at the rate of $75.00 per month on the first day of each month after September 26, 1900. It is further averred that the plaintiff well knew and understood that the stock, merchandise, good will and fixtures of the said place of business at Nos. 409 and 411 Pearl street, virtually belonged to the

said Niedich by reason of the chattel mortgage executed to the said Niedich by the said George J. Herman for an amount far in excess of the value of said chattels, to wit $2,000. It is further averred that the said Wheatley did not have confidence in the financial ability of the said Sibley to meet and pay at maturity the said notes, and it was therefore agreed that to secure the payment of the same the sale of the said plant and business should nominally be made to the said Niedich who should execute to the said Wheatley a chattel mortgage to secure the payment of the said sum of $900, subject to the following qualifications and conditions. Here we quote literally from the affidavit of defense: "Your deponent further says that on or about September 26, 1900, the said Niedich duly executed the said chattel mortgage, but it was expressly and distinctly understood and agreed by and between the said Niedich and the said Wheatley at and before the execution of the said mortgage and memoranda of agreement, more fully set forth in the plaintiff's statement of demand, and as an inducement to the said Niedich for executing the said mortgage and memoranda of agreement that the stock, merchandise, machinery and fixtures constituting the plant Nos. 409 and 411 Pearl street, New York city, on which the said chattel mortgage was given, only should be responsible and liable in case of a default of the payment of the notes by the said Sibley, and that in no event, and under no circumstances should the said Niedich be personally or individually responsible or liable for the default of the said Sibley, or for any deficit arising from the sale of the said stock, merchandise, machinery and fixtures more fully set forth in the plaintiff's statement of claim." It is further averred in the affidavit of defense that Wheatley foreclosed said mortgage without notice to Niedich and sold the mortgaged property and realized therefrom the sum of $455, which said sum or any sum realized from the sale of the said fixtures it was expressly understood and agreed by and between the said Niedich and your deponent at and before, and as an inducement for the signing of the said chattel mortgage and the memoranda of agreement set forth in the plaintiff's statement of demand, should be in full payment of any and all obligations, liability or indebtedness, incurred by the said Niedich and said Sibley in the sale and transfer of the said plant and

business located at Nos. 409 and 411 Pearl street in the city of New York. Then follows the usual averment that the defendant is not indebted to the plaintiff in the sum of $395 or in any other sum whatever.

The learned counsel for the plaintiff argues that this affidavit embraces three several contracts and that it is contradictory and evasive and wholly insufficient to prevent judgment. The parol agreement set up in the affidavit of defense to relieve the defendant from personal liability is one that was entirely competent to be made. The question of whether it is reasonable that Wheatley would make such an agreement to induce Niedich to sign the agreement and execute and deliver the mortgage is not of so much importance as the question of whether it is such an averment, if true, as will prevent the plaintiff from recovering in this suit. The plaintiff's counsel contends that it is necessary under the law and should be specifically averred that the written agreement was signed upon the faith of the alleged oral agreement. He seems to labor under the belief that it is necessary to use in the affidavit the word "faith," and he emphasizes this word all through his argument. We do not so understand the cases. If a man is induced to execute and deliver a written instrument by a parol agreement made at the time, without which he would not have made the written agreement, it is a fraud to attempt to use the written agreement for a different purpose than was understood at the time of its execution and delivery. Miller v. Henderson, 10 S. & R. 290, is cited by the plaintiff's counsel, but we think this case is strong authority for the position that the averment in this affidavit of defense is sufficient. The counsel also cites Callan v. Lukens, 89 Pa. 134, but the affidavit in that case does not aver that the agreement was induced by a parol agreement made at the time without which the written agreement would not have been executed. When the Supreme Court say it must be alleged that the written contract was executed on the faith of the contemporaneous parol agreement the meaning is that the language used in the affidavit of defense must clearly bear the construction that it was on the faith of the parol agreement. It is not intended to say that the defendant must in all cases swear that he executed the written agreement on the faith of the parol agreement. Section 462 of Endlich on

Affidavits of Defense is also cited, but it is in the same line. Streator v. Paxton, 201 Pa. 135, is also cited. But that case is distinguishable from the question we are considering because it applies to an attempt to set up a parol promise in flat contradiction of the terms of the instrument signed and sealed by the parties. That case does not change the rule established by many cases that a written instrument executed and delivered on the faith, or by the inducement of a parol contemporaneous agreement, cannot be used for a different purpose than the one specified in the parol inducing agreement. We do not regard the averment of the defendant in the case under consideration as an attempt to set up a parol agreement in contradiction of a written agreement within the meaning of the rule in Streator v. Paxton, supra. The defendant admits that he executed the agreement and the mortgage, but says he was induced or led into this execution by the contemporaneous parol agreement made at the time between himself and Wheatley, that thereby he was not incurring any personal liability, but that if Sibley made default and the mortgaged property had to be sold it should, as between the defendant and the plaintiff be considered in full satisfaction of the defendant's undertaking under the mortgage and the written agreement. We think this is just such an agreement as the law recognizes. It is not so flatly in contradiction of the written agreement as to be disregarded and treated of no effect. In Coal & Iron Co. v. Willing, 180 Pa. 165, Mr. Justice WILLIAMS speaking for the court said : "It is a plain fraud to secure the execution of an instrument by representations as to the manner in which payment shall be made differing in important particulars from those contained in the paper, and, after the paper has been signed, attempt to compel literal compliance with its terms regardless of the contemporaneous agreement, without which it would never have been signed at all," citing numerous cases. In American Harrow Co. v. Swoope, 16 Pa. Superior Ct. 451, this subject was considered, and on page 456 we said : " A written agreement may be modified, explained, reformed or altogether set aside by parol evidence of an oral promise or undertaking material to the subject-matter of the contract made by one of the parties at the time of the execution of the writing, and which induced the other party to put his name to it. The

law esteems it a fraud by such means to secure an unfair advantage and subsequently to deny the parol qualification, upon the faith of which the contract was made."

We regard it as well settled law in Pennsylvania that the liability upon a bond accompanying a mortgage given for purchase money of real estate may be restricted by proof of a contemporaneous oral agreement, but for which the property would not have been bought nor the instrument in question executed, and by virtue of which there was to be no personal liability upon it, but the amount thereof was to be collectible alone out of the property conveyed. Where a party executes an agreement to purchase land and covenants to give a mortgage on the premises, and subsequently executes a mortgage and a bond without any restriction as to liability, and judgment is entered upon the bond, the judgment will be opened where the defendant shows that she was induced to sign the bond, only upon a parol agreement that her liability should be restricted to the land purchased: Schweyer v. Walbert, 190 Pa. 334. See also Irwin v. Shoemaker, 8 W. & S. 75, Hoeveler v. Mugele, 66 Pa. 348, Hoopes v. Beale, 90 Pa. 82, and Janes v. Benson, 155 Pa. 489. We think the case under consideration falls directly within the principle of the above cases.

In the case under consideration the defendant swears that he was induced to sign the mortgage and the written agreement on the promise that thereby he should incur no individual or personal liability. Assuming this to be true the plaintiff is attempting in this suit to perpetrate a fraud upon the defendant because he is proceeding in violation of the inducing parol agreement to hold the defendant to a personal liability. At first blush it might seem that the defense set up is so flatly in contradiction of the writings that it cannot be sustained, but we know of no case that goes so far as to hold that a mortgagor may not set up such a parol agreement as the one averred here to protect himself from personal liability, especially where it appears that the plaintiff took the notes of another party for the purchase money secured by the mortgage, and where the mortgagee had proceeded to sell the mortgaged property as was done in this case. In addition to this the fact that the defendant held a mortgage upon the property and plant in question for $2,000 is some explanation of the desire of the plaintiff

to have the defendant execute the written agreement and the mortgage.   And it may well be that for the purpose of getting the defendant to release his claim upon the property by becoming the seller of it, the plaintiff would see fit to make the parol agreement averred in the affidavit of defense.   We are not convinced that this defense, under the circumstances, is so flatly in contradiction of the writings as to render it of no avail. But on the contrary assuming it to be true it shows that the plaintiff is attempting to make a fraudulent use of the mortgage and the accompanying written agreement.

The assignments of error are all dismissed and the judgment is affirmed with a procedendo.