# Gandy *v.* Weckerly, Appellant.

*Promissory notes—Evidence—Parol agreement—Contradiction of written instrument.*

In an action upon a promissory note for $1,250 it appeared that the plaintiff, the payee of the note, was the president of a corporation of which the defendant, the maker of the note, was treasurer.  The corporation being in want of funds, the defendant was requested by plaintiff to give financial aid in the emergency.  The defendant in an affidavit of defense averred that the plaintiff "proposed to me that if I would loan to said company the sum of $1,250, taking its note therefor at one year, before which time he said it would be easily able to pay it, he would sell to me 200 shares of its stock for the sum of $1,250 and take my note therefor, which note I would not be called upon to pay except out of and from the money to be repaid to me by said company in payment of its note held by me as aforesaid.  He said he would make the note to him payable at the expiration of one year, because within that time the note of the company held by me would be paid, but that if from any cause whatever the amount of the note was not paid to me, I would not be called upon by him to pay the note to be given by me to him in pay-

ment of said stock. Relying upon his agreement that I would not be called upon to pay said note until the note given to me was paid, and without which agreement on his part I would not have purchased said stock or given my note therefor, I accepted his terms as above, loaned the company the sum of $1,250, taking its note therefor, purchased said stock, and gave to the plaintiff my note, being the note in suit." The defendant further averred the refusal of the company to pay its note to him, and that he was and had been at-all times ready to surrender that note, and his stock for the note in suit, or to pay to plaintiff as soon as he himself was paid by the company, or to return the shares of stock for the note in suit. There was no averment that the alleged parol agreement was omitted through fraud, accident or mistake, or that the defendant prior to the making of the affidavit had returned or offered to return the shares of stock. *Held,* that the affidavit of defense was insufficient.

Argued Dec. 13, 1906. Appeal, No. 116, Oct. T., 1906, by defendant, from order of C. P. No. 5, Phila. Co., Dec. T., 1905, No. 1,261, making absolute rule for judgment for want of a sufficient affidavit of defense in case of George S. Gandy v. Frank Weckerly. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a promissory note.

The averments of the affidavit of defense are set forth in the opinion of the Superior Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Alex. Simpson, Jr.,* for appellant.—While parol evidence to alter, vary or contradict the terms of a writing is to be closely scanned, it is now too well settled to be questioned, that it may be interposed for that purpose, if it was contemporaneous with the writing, and on the faith of it the writing was executed. It is so decided at least as late as Fidelity & Casualty Co. v. Harder, 212 Pa. 96.

The cases which hold that the principle above quoted has no applicability to commercial paper will be found to be cases where the paper has passed into third parties' hands, or where

the defense does not attack the consideration for the note. But a defense can be interposed which goes to the consideration itself, where, as here, the note is sued upon by the party making the agreement, and as to whom it would be a fraud to permit him to use the note in direct violation of the agreement, by which he obtained it: Corr v. Kelly, 1 W. N. C. 387; Souder v. Bancroft, 1 W. N. C. 576; Flood v. Park, 2 W. N. C. 569; Edwards v. Bass, 2 North Co. Rep. 266; Hubbard v. French, 1 Pa. Superior Ct. 218; Fischer v. Dalmas, 173 Pa. 296.

*W. P. Rambo*, with him *Ormond Rambo*, for appellee, cited: Phillips v. Meily, 106 Pa. 536; Fuller v. Law, 207 Pa. 101; Hill v. Gaw, 4 Pa. 493; Lee v. Longbottom, 173 Pa. 408; Patton v. Fox, 22 Pa. Superior Ct. 416; Homewood People's Bank v. Heckert, 207 Pa. 231; Com. Title, etc., Co. v. Folz, 19 Pa. Superior Ct. 28; Appleby v. Barrett, 28 Pa. Superior Ct. 349; Ogden v. Philadelphia, etc., Traction Co., 202 Pa. 480; McCambridge v. O'Callaghan, 27 Pa. Superior Ct. 199; American Home Savings Bank Co. v. Guardian Trust Co., 210 Pa. 320; Plunkett v. Roehm, 12 Pa. Superior Ct. 83; Butler v. Keller, 19 Pa. Superior Ct. 472; Keyser v. Kolb, 1 W. N. C. 266; Merryman v. Barrett, 1 W. N. C. 268; Loper v. Bennett, 1 W. N. C. 186; Gessler v. Rush, 2 W. N. C. 66; Bank v. Myers, 3 W. N. C. 290; DaCosta v. O'Rourke, 12 Phila. 223; Bank v. Henninger, 105 Pa. 496; Canfield v. Ditman, 2 Mona. 42.

OPINION BY ORLADY, J., October 7, 1907:

As disclosed by this record, the plaintiff was the president of the Emigrant Gulch Consolidated Placer Mines Company, and the owner of the majority of the shares of its capital stock. The defendant·was its treasurer, and on November 21, 1904, the company being threatened with financial disaster for want of funds, the defendant was requested by the plaintiff to give financial aid in this emergency, and, as stated by him in his affidavit of defense, the plaintiff, "proposed to me that if I would loan to said company the sum of $1,250, taking its note therefor at one year, before which time he said it would be easily able to pay it, he would sell to me 200 shares of its stock

for the sum of $1,250 and take my note therefor, which note I would not be called upon to pay except out of and from the money to be repaid to me by said company in payment of its note held by me as aforesaid. He said he would make the note to him payable at the expiration of one year, because within that time the note of the company held by me would be paid, but that if from any cause whatever the amount of the note was not paid to me, I would not be called upon by him to pay the note to be given by me to him in payment of said stock. Relying upon his agreement that I would not be called upon to pay said note until the note given to me was paid, and without which agreement on his part I would not have purchased said stock or given my note therefor, I accepted his terms as above, loaned the company the sum of $1,250, taking its note therefor, purchased said stock, and gave to the plaintiff my note, being the note in suit." The defendant further avers the refusal of the company to pay its note to him, and that he is and has been at all times ready to surrender that note, and his stock in question for the one in suit, or to pay to Gandy as soon as he is paid by the company, or to return the shares of stock in question for the note in suit. The defense to the payment of the note is based on this contemporaneous parol agreement. The court made absolute a rule for judgment for want of a sufficient affidavit of defense, and the defendant brings this appeal.

It was said in Fuller v. Law, 207 Pa. 101, " There is much apparent and some real conflict in the numerous cases involving the question as to when parol evidence is admissible in contradiction of written instruments. Since the legislation, however, allowing the parties to such instruments to testify in their own behalf, we have endeavored to save whatever is left of the rule, ' that parol evidence is inadmissible to vary or contradict written instruments' by somewhat more rigid rulings tending to exclude parol evidence. We concede, success in that direction has not as yet been what we hoped for. We started with Building & Loan Association v. Hetzel, 103 Pa. 507, and there held that the defense set up at an action at law on a written instrument was an equitable defense supported alone by the oath of one of the parties to the instrument, and that this was not sufficient, saying: ' Now that parties are competent wit-

nesses each may oppose his oath to the others, and certainly when written contracts or obligations are to be impeached by defenses purely equitable, the reason is stronger than formerly for enforcing the rules of evidence applicable to cases in equity.' This was followed by other cases, the most pointed one, that of Phillips v. Meily, 106 Pa. 536, in which the same equity rule of evidence, that to set aside or vary a written instrument, there must be two witnesses or one witness and corroborating circumstances, which was applied in an action on a promissory note."

As in Fuller v. Law, 207 Pa. 101, the proposed evidence amounted to nothing more than an offer to prove an independent parol contract that the note was to be paid in another method than that expressed on its face. It is straining both legal and moral definitions to call the mere failure to perform an oral promise to accept payment in a particular form, a fraud ; dishonest it may be, but it is no more a legal fraud than the immediate collection of a past due debt on which the creditor has orally promised the debtor indulgence. As there was no fraud in the creation of the instrument, nor in not waiting until the dividends on the stock paid it, it comes under the rulings in Hill v. Gaw, 4 Pa. 493, Hacker v. Refining Co., 73 Pa. 93, and the other authorities, holding that evidence of fraud, accident or mistake can alone successfully contradict or set aside the writing." The company's note to the order of Weckerly is signed by the company name in full by " F. Weckerly, treasurer." This note fell due on November 21, 1905, and not being paid at maturity the defendant brought a suit thereon December Term, 1905, which at the hearing of this appeal was still pending. There is no averment in the affidavit of defense that the company is insolvent or that for any other cause the debt is not recoverable by process of law. The note in suit fell due on the same date as the company's notes, and suit not brought thereon until December 19, 1905, which was after the defendant had brought suit on the company's note to him. There is no averment that in the period that intervened between November 21 and December 19, the defendant returned or offered to return the shares of stock and demanded back his notes. So far as now appears, no offer of that kind was made until it was made in the affidavit of defense, which was filed

on April 10th following, and there in the alternative.    Nor is it averred that at the time the notes fell due or at any time before or since, the share of stock were not worth the price for which the defendant's note was given.    It does not present a case of failure of consideration or a case where the note was to be paid out of a particular fund, but is within the principle applied in Fuller v. Law, 207 Pa. 101, and Bank v. Heckert, 207 Pa. 231.    The same rule is announced in Krueger v. Nicola, 205 Pa. 38, viz:    " To contradict or vary the terms of a written contract by an oral contemporaneous agreement between the parties, there must be allegation as well as proof not only of it, but of its omission through fraud, accident or mistake from the writing."    To relax the rule further would be to destroy all of its efficacy.    If the case is a hard one it is made so through the parties not putting their whole contract in writing, and for this the defendant, and not the law, is responsible.    The contention is, not only that the date for payment which the defendant wrote into his note should be stricken out, but as well, that no definite date should be substituted therefor, nor any time of payment fixed " until after the plaintiff, as president of the company, should have himself, or his said company itself should have paid to the defendant the promissory note which said company executed and delivered to defendant for such loan by defendant to said company."    The alleged parol agreement is utterly at variance with the note.    It not only changes its effect, but contradicts its very terms.,    They cannot possibly stand together; one or the other must fall, as in Martin v. Berens, 67 Pa. 459, which is an affidavit of defense case, and in which the exceptions to the general rule are exhaustively stated.    In Homewood People's Bank v. Heckert, 207 Pa. 231, the Supreme Court, in affirming a judgment, making absolute a rule for judgment for want of a sufficient affidavit of defense, says, "admit all the facts set out in the affidavit, they only amount to proof of an oral agreement flatly contradicting the written instrument.    Fraud, accident or mistake could not be averred on such an agreement, in the face of the absolute written agreement to pay a fixed sum on a day certain.    At the very most it amounts only to a parol promise of further time indulgence by the debtor to the creditor."    As said by SHARSWOOD, J., in Heist v. Hart, 73 Pa. 286, "Such parol

agreement though made at the time is inadmissible in evidence to vary the effect of a written contract." The treasurer of the corporation would be as fully advised of the then present condition and future prospects of the company, when he signed the note, as the president when he accepted the note in exchange for 200 shares of its capital stock. Though not a stockholder at that time he was the treasurer of the company. Further, the state of the company's affairs upon which he relied related to circumstances which might exist one year thereafter. This unanticipated condition cannot be made to relate back to the time of signing the note; at the very best it was a condition over which neither of the parties had control; the probability of its happening was as well known by one as the other, and should have been provided for in writing.

It is urged that the Supreme Court has, in Marquis v. McKay, 216 Pa. 307, and in Keller v. Cohen, 217 Pa. 522, modified the rule in reference to affidavit of defense cases. We do not interpret these cases as indicating any intention on the part of the Supreme Court to relax the rule laid down in Fuller v. Law, Kreuger v. Nicola, Homewood People's Bank v. Heckert, and kindred cases, which by the act creating this court "shall be received and followed as of binding authority."

The judgment is affirmed.

MORRISON, J., dissenting:

I would reverse this judgment first of all because I think the utmost that can be said, in favor of the plaintiff's right to have such a judgment, is that it is doubtful. It was not the purpose of the statute, which gives to a plaintiff a summary judgment and denies to a defendant the right to have his defense passed upon by a jury, that its provisions should apply to one whose claim is doubtful. In such case the doubt should be resolved in favor of the defendant and the cause sent to a jury for trial.

But unless we are justified in closing our eyes to a number of authoritative utterances by the appellate courts of this state on this subject, I cannot see how it can be successfully argued that the present plaintiff has even a doubtful right to the summary judgment he has obtained.

I am quite willing to concede that it is difficult, perhaps

impossible, to reconcile all of the many cases that have been decided, on the broad question of the admissibility of evidence of a contemporaneous parol agreement to modify, change or contradict a written contract. I may even go further and agree that, since we now have, practically, courts of chancery armed with full equity powers, and since parties have been made competent witnesses, the time has come when the liberality with which our courts have heretofore viewed defenses, purely equitable in character, to common-law actions founded on written obligations, should be modified and restricted. But, unless we are to add to the confusion which may now exist on this question, this can be properly done only by overruling and expunging from the body of the law a number of decisions which at this moment must be regarded as authoritative. It is not our privilege nor is it within our power to do this.

When, therefore, a defendant, making the affidavit required by the statute, plants his defense on lines heretofore distinctly recognized in the utterances of the appellate courts of the state, it is difficult to see wherein there is any just ground for the application of the sudden and summary remedy provided to protect a plaintiff against " the law's delay " in a case where no meritorious defense, in fact or law, is exhibited.

In the present case the affidavit, quoted in the majority opinion, distinctly declares that the parol agreement set up was the sole and only inducing cause that procured the defendant's signature to the note in suit. It declares that under the terms of that agreement the debt, evidenced by the note, was to be paid only out of a particular fund—" which note I would not be called upon to pay except out of and from the money to be repaid to me by said company in payment of its note held by me as aforesaid." Such an averment seems to be sufficient to prevent judgment under the principle of Hill v. Ely, 5 S. & R. 363, Cake v. Pottsville Bank, 116 Pa. 264, and kindred cases.

It is true there is no averment in the affidavit that the terms of the parol inducing agreement set up were omitted from this writing by fraud, accident or mistake. There need not be. Such an agreement, if made, was never intended to be incorporated in the writing. It had fully served its only purpose when it procured the defendant's signature to the writing.

79, (1907).]                    Dissenting Opinion.

The use the plaintiff is now making of that writing is in flat violation of the parol promise which alone procured it, and such use has been repeatedly held to amount to a fraud on the defendant.

Following the doctrine declared in Greenawalt v. Kohne, 85 Pa. 369 ; Coal & Iron Co. v. Willing, 180 Pa. 165 ; Fidelity Co. v. Harder, 212 Pa. 96 ; Wheately v. Niedich, 24 Pa. Superior Ct. 198 ; American Harrow Co. v. Swoope, 16 Pa. Superior Ct. 451 ; Miller v. Henderson, 10 S. & R. 290 ; Building Association v. Hetzel, 103 Pa. 507, and many other cases, I am constrained to think the defendant's affidavit was sufficient to entitle him to have his cause tried before a jury according to the usual course of the law.

HEAD and BEAVER, JJ., join in this dissent.