## Keough *versus* Leslie.

1. In general in an action on a written contract, where a party defends on the ground that he was induced to sign by an oral stipulation, unless he so avers in his affidavit of defence, it is defective; but when the positive averments of the affidavit, considered with reference to the written contract, show, beyond doubt, that the oral agreement induced the signing of the written one, the affidavit is sufficient.

2. A party seeking to enforce a contract made by his agent is bound by the agent's declarations, made at the time, although he exceeded his authority.

3. In an action on a book-account for "paper patterns," furnished by plaintiff to defendant under the terms of a written contract, the defendant in his affidavit of defence alleged, in conflict with the written contract, that plaintiff's agent, with whom the contract was made, had agreed that defendant was only to be liable for the goods sold by him. *Held*, that this affidavit was sufficient.

January 9th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county*: Of January Term 1879, No. 62.

Assumpsit by Frank Leslie against P. F. Keough and Mary C. Keough, his wife, trading, &c.

The plaintiff filed a copy of a contract, whereby in consideration of the purchase from Leslie, by the defendants, of $300 worth of "paper patterns," the defendants were appointed agents for the

[Keough v. Leslie.]

sale of Frank Leslie's "Cut Paper Patterns," for the term of one year. During the continuance of the agency, defendants were to keep a full assortment of the patterns, to sell the same at retail prices, and settle their accounts monthly. Leslie was to take back patterns unsold during the year, and to give others in exchange. Accompanying this contract was the copy of a book account of $269, for patterns furnished under the contract. In an affidavit of defence, the defendant averred:

"About the 20th day of December 1875, an agent of Frank Leslie's called on us (P. F. & M. C. Keough), the above-named defendants, to introduce the paper pattern business, or in other words, to establish an agency for the said Frank Leslie. I said: 'Leave this matter over until to-morrow, and I will see about it.' His reply was: 'I must leave the city on the first train in the morning, and therefore cannot wait. There is no risk in this business,' (meaning the agency), 'as you don't have to pay only for what you sell, and the $45,' (meaning the first instalment mentioned in the contract, or agreement), 'is to protect us' (the plaintiff) 'so that you won't throw the printed matter on our hands; and at the end of the year, if the thing is not a success, we' (meaning the plaintiff) 'will take the patterns off your hands, and you will be at at no loss.' When the patterns were received with these assurances from the plaintiff's authorized agent, we, the said defendants, did the best we could to dispose of and introduce them among the public; and in accordance with said contract or agreement, both written and verbal, made with said agent, expressly on the conditions above stated; and with the explicit understanding, that we, the said defendants, were in no event to be liable for any goods or any amount, except for such portions of said consignments of paper patterns as were actually disposed of by us, the said defendants, for the account of the said plaintiff. After a fair trial, and finding no sale for said paper patterns in the neighborhood to which we were necessarily restricted, and having made reasonable effort, we, the said defendants, addressed the said plaintiff, and stating that no sale had taken place of said patterns, with the exceptions of those therein referred and specified, being a portion of the said first (and only) consignment of the paper patterns, informed him, the said plaintiff, that the balance of said consignment undisposed of was at the disposal of him, the said plaintiff, and subject to his orders, in pursuance of said agreement, and said notice was so given in writing; and therein was given notice of the desire of said defendant to be relieved from said agency, as provided for in and by said contract or agreement, before the expiration of said year, as therein provided. The deponent further answering, saith, that the said defendants and neither of them is, or are, indebted to the said Frank Leslie in the said sum of $269, or in any other sum whatever; and that said paper patterns are

[Keough *v.* Leslie.]

and have been always at the disposal of said plaintiff, prior to the commencement of this action. That this deponent and his co-defendants, and either of them, never agreed to be responsible for any of such goods, beyond the amount actually disposed of; and said defendants have more than paid in cash money to said plaintiff, through his authorized agent, for such portions of said goods disposed of, as such agents at the time said contract was signed. All of which this deponent and co-defendants believe, and expect to be able to prove on the trial of said cause."

A rule for judgment for want of a sufficient affidavit of defence was made absolute, when defendants took this writ, and assigned this action of the court for error.

*James D. Lee* and *Pierce Archer, Jr.* for plaintiffs in error.— Where, at the execution of a writing, a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been executed, parol evidence is admissible, although it vary and change the terms of the contract: ·Greenwalt *v.* Kohne, 4 Norris 369; Shepler *v.* Scott, Id. 329.

The affidavit distinctly sets up, that the plaintiff's agent called on defendant to "establish an agency," not to effect a sale; that, before signing the contract, he was assured: "You don't have to pay only for what you sell;" and, again: "If the thing is not a success, we will take the patterns off your hands, and you will be at no loss."

Was not this a perfect defence? If Keough signed this fraudulent contract under the distinct assurance of an "agency" only, why should it now be turned into an absolute contract of sale and purchase?

*W. W. Weigley* and *John H. Colton*, for defendant in error.— Where the parol stipulation is not expressly averred to have been the inducement, on the faith of which the writing was executed, the general rule prevails, and parol evidence is inadmissible to vary the terms of the written instrument: Barnhart *v.* Riddle, 5 Casey 92; Chalfant *v.* Williams, 11 Id. 215.

The defence set up in the court below was bad also, because it consisted merely of alleged declarations of a special agent not within the scope of his authority. The agent had no authority to make the promises or declarations alleged, and of this, the plaintiffs in error had notice by the express terms of the contract they signed.

The stipulations alleged to have been made by the agent, being manifestly beyond the scope of his authority, and not assented to by defendant in error, cannot be set up as a defence to the action on the contract made: Hackney *v.* The Allegheny Co. M. Ins.

[Keough v. Leslie.]

Co., 4 Barr 185; Insurance Co. v. Johnson, 11 Harris 72; Moore's Exr's v. Patterson, 4 Casey 505; Monocacy Bridge Co. v. Manufacturing Co., 2 Norris 517; Hanover Water Co. v. Ashland Iron Co., 3 Id. 286

Mr. Justice TRUNKEY delivered the opinion of the court, January 19th 1880.

The first paragraph of this written contract appointed the defendants agents for one year from its date, in consideration of their purchase of three hundred dollars' worth of paper patterns, fifteen per centum payable on delivery of the agreement, and the balance in four equal monthly payments, followed by detailed stipulations relative to the agency for sale of the plaintiff's patterns. Among them was one binding Leslie "to receive back from P. F. & M. C. Keough unsold patterns within one year from the delivery thereof, and to give in exchange therefor such other patterns as may be ordered at the time the old ones are returned." Every sentence relates to the agency.

It is averred in the affidavit of defence that when the plaintiff's agent called on defendants to procure the contract, they requested till the next day to see about it. He replied, "I must leave the city on the first train in the morning, and therefore cannot wait. There is no risk in this business, as you don't have to pay only for what you sell, and the forty-five dollars is to protect us, so that you won't throw the printed matter on our hands; and at the end of the year, if the thing is not a success, we will take the patterns off your hands, and you will be at no loss." The contract was then made "with said agent, expressly on the conditions above stated, and with the explicit understanding that we, the said defendants, were in no event to be liable for any goods or any amount, except for such portions of said consignments of paper patterns as were actually disposed of by us." Taking the positive statements as true, it is manifest the defendants were induced to sign the writing on the express agreement that they should not be bound to pay for more patterns than they sold, and should suffer no loss beyond the hand payment of forty-five dollars. In general, when a party defends on the ground that he was induced to sign by an oral stipulation, unless he so avers in his affidavit, it is defective; but when the positive averments, considered with reference to the written contract, show beyond doubt that the oral agreement induced the signing of the written one, the affidavit is sufficient. The form and scope of the writing should be kept in view as well as the statements in the affidavit.

A party seeking to enforce a contract made by his agent is bound by his declarations made at the time, although he exceeded his authority: Caley v. Railroad Co., 30 P. F. Smith 363. If he

[Keough *v.* Leslie.]

would have the benefit of the bargain, he must adopt it as his agent made it.

The alleged matter of defence may be proved: Greenawalt *v.* Kohne et al., 4 Norris 369.

Judgment reversed, and *procedendo* awarded.