# Merrick Thread Co. *versus* Philadelphia Shoe Manufacturing Co.

1. The principle which controlled in Keough *v.* Leslie, 11 Norris, 427, that a party seeking to enforce a contract made by his agent is bound by his declarations made at the time, although he exceeded his authority, has no application, when the declarations made by the agent were neither the inducement to the making of the contract nor part of the conditions.

2. An agent accepted stock in a company, to which he had previously sold goods, to be submitted to his principal for his approval, and if approved, to be taken out in the purchase of goods from the principal. The principal disapproved of the contract, but the agent neglected to notify the company of this and continued to sell them goods as before. On an action by the principal against the company to recover the price of the goods thus sold, *held* that the neglect of the agent to notify the company of his principal's disapproval of the contract did not imply a ratification of it by the principal.

January 27th, 1887. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas, No. 2, of *Philadelphia county:* Of January Term, 1887, No. 133.

This was an action of assumpsit brought by the Merrick Thread Company against the Philadelphia Shoe Manufacturing Company for goods sold and delivered from November 11th, 1882, to April 3d, 1884, amounting to $969.09. The defendant pleaded payment and subsequently accord and satisfaction. The following are the facts as they appearaed on the trial of the case:

The Merrick Thread Company is a corporation. Franklin S. Hovey is its agent for the sale of goods in Philadelphia. The goods are consigned to him to be sold on commission. Among the customers of Hovey for these goods were Samuel

Dunbar & Co., to whom prior to the fall of 1882 large quantities of goods were sold on time. This firm was changed in the fall of 1882 to the Philadelphia Shoe Manufacturing Company, a co-operative association. Hovey continued to sell this company the Merrick Thread Company's goods on the same terms as he had sold to Dunbar & Co. Some time in the fall of 1882 or spring of 1883 Hovey was asked by a representative of the shoe company to take some of the company's stock in payment for the Merrick Thread Company's goods. This Hovey declined to do on his own account, but said he would submit the matter to his principal, the Merrick Thread Company, for their acceptance or non-acceptance. On February 15th, 1883, the shoe company sent, by their book-keeper, a letter to Hovey enclosing certificate of twenty-five shares of their capital stock, made out in his name in the following language :

*F. S. Hovey, Esq.*          February 15th, 1883.

Dear Sir :—Enclosed please find certificates of twenty-five shares of our capital stock. Not a share has been placed under par value. We agree, in consideration of the acceptance of this certificate, to give you for the Merrick Thread Company our trade indefinitely, averaging about $200 per month. Mr. McKnight, our treasurer, in his individual business, is a consumer of goods in your line to about the same amount, and at present not a customer of yours. We have his agreement also to give you the preference for his wants. We agree to credit our monthly payment of our purchases in your stock until full paid.

Yours, etc.,

(Signed,)          PHILADELPHIA SHOE CO.

per A.

This letter and certificate of stock were received by the book-keeper of Hovey, who gave a conditional receipt for it as follows :

Received, from Philadelphia Shoe Manufacturing Co., certificate 25 shares of the capital stock, in the name of F. S. Hovey, No. 29, to be submitted by Mr. Hovey to the Merrick Thread Company for their approval, and if approved, to be taken out in the purchase of thread.

Shortly after this time a son of Hovey went to Holyoke on business, and submitted the proposition of the shoe company to the president of the Merrick Thread Company, Mr. Merrick, who declined to accept the stock on behalf of the corporation, but suggested to Hovey that some stockholder might be induced to take it. Nothing more was said, and the matter was dropped.

[Merrick Thread Co. *v.* Philadelphia Shoe Mfg. Co.]

The ·Merrick Thread Company, until informed by Hovey, did not know that the shoe company was a purchaser of their goods, nor did they know that after they had declined the proposition the agent continued to furnish the shoe company with their goods. Nor did they know that a certificate of stock had been delivered to their agent. They shipped their goods direct .to Hovey in large quantities, and did not know who his customers. were.

Hovey neglected to notify the shoe company of his principal's refusal to take the stock in payment until November of 1883, when a demand was made by his book-keeper on the shoe company for payment of the account. The shoe company's agent replied that they had considered the stock accept- ·ed, and had credited the purchasers on the stock, but promised to refer the matter to the Board. The agent, Hovey, made repeated demands for payment, but the stock was not returned by Hovey to the defendant company until May or June of 1884. The goods were furnished continuously by the agent, Hovey, to the defendants, between the dates mentioned above, but the orders were never increased after the defendant's alleged assumption of the acceptance of its stock in payment.

The plaintiff requested the court to charge *inter alia :* Under all the evidence in this case, your verdict must be for the plaintiff. Answer, I decline to so instruct.

Verdict for the defendant and judgment thereon, whereupon the plaintiff took this writ and assigned for error the refusal of the court to instruct the jury as above requested.

*Dwight M. Lowrey (Henry W. Hall,* with him), for plaintiff in error.—It is well established that the act of the agent, though unauthorized at the time, may become binding upon the principal by ratification and adoption. But to make such ratification effectual it must be shown that there was previous knowledge on the part of the principle of all the material facts and circumstances attending the act to be ratified: Adams Express Co. *v.* Trego, 35 Md., 69; Ritch *v.* Smith, 82 N. Y., 629; R. R. Co. *v.* Gazzam, 32 Pa. St., 340; Rafferty *v.* Haldron, 81· Pa. St., 438; Lance *v.* Deacon, 15 Phila., 318; White *v.* Langdon, 30 Vermont, 599; Stewart *v.* Woodford, 50 Vermont, 78; Machine Co. *v*. Given, 65 Mo., 89.

The rule is aptly stated by Judge STORY as follows:

No doctrine is better settled upon principal and authority than this :—that the ratification of an act of an agent previously unauthorized must in order to bind the principal be with the full knowledge of all the material facts. If the material facts

[Merrick Thread Co. *v.* Philadelphia Shoe Mfg. Co.]

be either suppressed or unknown, the ratification is treated as invalid because founded in mistake and fraud : Owings *v.* Hall, 9 Peters, 629.

And where there is no evidence of knowledge of such material facts upon the part of the principal it is error to submit the question of ratification to the jury: Moore's Executors *v.* Patterson, 28 Pa. St., 505.

*George L. Crawford* (*George M. Dallas* and *B. F. Fisher* with him), for defendant in error.—A party seeking to enforce a contract made by his agent, is bound by his declarations made at the time, although he exceeded his authority. If he would have the benefit of the bargain he must adopt it as his agent made it: Keough *v.* Leslie, 11 Norris, 427.

The rule that a principal may not recover upon the contract of an agent and repudiate a condition to which the agent assented, has no application to this case.

1. Because the contract was not really conditional at all. It was an attempt by defendants to secure a contract which they knew plaintiff's agent had no authority to make.

2. Because the plaintiffs are not seeking to recover on the contract at all, but ask for the value of their goods, which defendants obtained consciously in fraud of plaintiff's rights. Plaintiffs do not repudiate any condition; they repudiate the alleged contract and ask to be made whole, relying on an implied obligation to pay for goods improperly obtained : Stewart *v.* Woodford, 50 Vt., 78 ; Sewing Machine Co. *v.* Given, 65 Mo., 94; Aultman *v.* Lee, 43 Iowa, 404; Trude *v.* Anderson, 10 Mich., 357.

3. Because a principal is bound by the omissions or negligences of his agent only when they concern the undoubted subject matter of his authority.

Certainly Hovey's omission to inform defendants that he had not subsequently received authority which they knew at the outset he did not possess, cannot take the place of direct authority. At best, it is a false claim of authority which does not bind a principal : Jordan *v.* Stewart, 11 Har., 244 ; Grim *v.* Bonnell, 28 P. F. S., 152 ; Telephone Co. *v.* Thompson, 17 W. N. C., 329 ; Hays *v.* Lynn, 7 Watts, 525.

If defendant has any remedy for this omission it is against Hovey, the agent: McCoun *v.* Lady, 10 W. N. C., 493 ; Smout *v.* Ilbery, 10 M. & W., 1 ; Wear *v.* Sawyer, 44 N. H., 196.

Mr. Justice TRUNKEY delivered the opinion of the court, March 21st, 1887.

The plaintiff's demand is admitted. To defeat the action the defendant alleges a contract made with the plaintiff's agent who sold the goods, for sale of twenty-five shares of stock at the par value of $1,250 to be paid by credit of purchases of goods from the plaintiff. Previous to the time of making this contract the defendant had repeatedly purchased goods from the same agent of the plaintiff, always to be paid for in money.

It is not pretended that the agent had authority to buy the stock for his principal. The written proposition of the defendant contemplated an acceptance of the stock by the plaintiff, and the agent's receipt stated that it was to be submitted to the plaintiff, " and if approved to be taken out in the purchase of thread."

There is evidence tending to show that the agent did submit the proposition, as he promised, and that the stock was at once refused. There is no evidence that the plaintiff knew that the agent held the certificate after said refusal, or that any goods had been sold or purchased with an understanding that the price should be applied in payment for the stock. The defendant not only failed to adduce testimony of authority in the agent to sell goods for stock, but very clearly showed its own knowledge that the agent had no such authority. It was proved that Hovey agreed to communicate with the plaintiff, inform the defendant of the result, and if the stock should not be accepted to promptly return the certificate; but it was not proved that the plaintiff had any knowledge of what Hovey had promised the defendant.

The principal is not liable to a third party when such party had knowledge that the agent in the contract acted out of the scope of his authority. But it is unnecessary to refer to this principle, for Hovey did not make a contract for the stock as agent for the plaintiff. Whatever agency existed in Hovey in relation to the stock was created by the defendant at whose instance Hovey acted and promised, and no promise made to or by the plaintiff was broken.

Nor is there any question of ratification, in absence of proof that the plaintiff had knowledge of the facts. And for like reason there was no implied acceptance of the proposition for sale of the stock. Hovey allowed longer time without payment for the goods after his negotiation about the stock than before. Prior sales and payments were through Hovey, and his delay in demanding the money, in itself, does not warrant the inference of an acceptance of the proposition, or of a ratification by the plaintiff.

The principle which controlled in Keough *v.* Leslie, 92 Pa., 424, cited by defendant, has no application when the declara-

tions made by the agent were neither inducement to the making of the contract, nor part of its conditions.

The plaintiff's seventh point ought to have been affirmed.

Judgment reversed, and *venire facias de novo* awarded.