# Shields *v.* Hitchman, Appellant.

*Contracts—Variation by parol—Mistake—Agency—Unauthor-
ized acts of agent—Ratification—Judgments—Opening of judg-
ments.*

1. A mistake of legal rights, when everything is known to both
parties, is not relievable in equity.

2. A party seeking to charge a principal for the act of an agent
must bear the burden of proving the extent of the agency.

3. Where the relation of principal and agent exists, before an
unauthorized act of the agent can be ratified by the principal, the
principal must have full knowledge of all the facts and circum-
stances attending the act; the question of ratification cannot arise
in the absence of proof that the principal had knowledge of such
facts.

4. The purchaser of certain land gave in part payment therefor
a bond and mortgage; the bond stated "it is expressly understood
that the lien of this bond shall be limited to the following de-
scribed real estate," and described the land purchased. The ven-
dors of the land were represented in the negotiations and settle-
ment by an agent. Judgment was subsequently entered on the
bond by virtue of the warrant of attorney attached thereto. The
judgment defendant obtained a rule to show cause why the judg-
ment should not be opened and execution limited to the property
described in the bond, alleging that there was a parol agreement
that the obligees in the bond were to look only to the mortgaged
premises for security, but that by mistake such agreement was not
included in the bond. It appeared that the agreement relied on
was not made at the time of the execution of the bond, but several
days prior thereto. There was no evidence that the vendor's agent
had any authority to make any such agreement. *Held,* the lower
court did not err in discharging the rule.

*Equity practice—Masters—Examiners—Evidence taken by ex-
aminers—Appeals.*

5. The offices of examiner to take testimony and master in
chancery have been abolished, save in certain cases; but where the
Court of Common Pleas sitting in equity in a proceeding for the
opening of a judgment entered on a bond has appointed a com-
missioner with direction to take testimony and report the facts,
and such error has not been assigned on appeal, the Supreme Court
will consider the evidence as having been taken by depositions and

will regard only such of the commissioner's findings as have been adopted by the court below.

Argued Oct. 8, 1915. Appeal, No. 2, Oct. T., 1915, by defendant, from order of C. P. Westmoreland Co., Aug. T., 1913, No. 113, refusing to open judgment, in case of Samuel N. Shields, Emily Shields, William Shields, Rachel M. Shields and Elizabeth Power v. James S. Hitchman. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Rule to open judgment entered upon a bond by virtue of a warrant of attorney. Before DOTY, P. J.

The opinion of the Supreme Court states the facts.

The court discharged the rule. Petitioner appealed.

*Error assigned,* among others, was in discharging the rule.

*Charles C. Crowell,* with him *N. A. Cort,* for appellant.

*James S. Beacom,* with him *David L. Newill,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 3, 1916:

This is an appeal from an order, discharging a rule to show cause why a judgment entered upon a bond and warrant of attorney should not be opened, and execution thereon limited to certain property described. The bond contains the following clause: "It is expressly understood that the lien of this bond shall be limited to the following described real estate," followed by a description of the land by metes and bounds. The warrant contained a waiver of inquisition "on the herein described real estate" and an agreement that "said estate may be sold on a fieri facias."

The defendant filed a petition, in which he averred that he purchased from the plaintiffs in the judgment,

the tract of land described in the bond, paying part in cash, and giving the bond in question, and a mortgage on the land, for the balance of the purchase-money; that at the time of the purchase it was expressly understood and agreed that the only security plaintiffs were to have for the unpaid balance of purchase-money was to be the farm itself, and that it alone was to stand for the debt; that on the strength of this oral agreement defendant signed the bond, and that these terms of the agreement were omitted from the bond, through fraud, accident and mistake. He, therefore, prayed for a rule to show cause why the judgment should not be opened, and the execution stayed, and the effect and operation of the bond limited to the property described. On presentation of the petition, the court granted a rule as prayed for.

In their answer, plaintiffs admitted the sale of the property, and the taking of the bond and mortgage, but denied that an agreement as alleged by defendant was ever made, or was known to them when the sale was made and consummated. It was further averred that the negotiations for the sale were conducted by one Hurst as agent for plaintiffs, and that Hurst never had any authority from them to make any such agreement as defendant described. They also denied that any of the terms of the agreement between the parties, were omitted from the bond by fraud, accident or mistake, and averred that the only effect of the provision inserted in the bond, was to restrict its lien to the premises described in it, in case of the entry of judgment.

Instead of hearing the case in court as required by the Equity Practice Rules, the court below appointed a commissioner to take testimony and report the facts with his opinion. There was no authority for such an appointment, as the office of examiner to take testimony, and that of master of chancery have each been abolished, save in certain cases, of which this is not one. However, no question as to this error in practice is raised by the assignments, and we will regard the evidence as having

been taken by depositions, and will deal with the findings only as adopted by the court below. In Abbott's Est., 198 Pa. 493, Mr. Justice FELL cited (p. 496) the case of Stanton v. White, 32 Pa. 358, as authority for the proposition that "a stipulation that the lien of a judgment shall be restricted to certain designated land, restricts the lien only and does not exempt other property of the debtor from liability for the debt secured by the judgment." It is practically conceded by appellant in this case, that the terms of the bond do not protect him from personal liability for the debt, but he seeks to have the bond reformed so that he will be so protected. He maintains that there was an agreement that the obligees were to look only to the mortgaged premises for security, but that by mistake the bond was not so drawn as to express that agreement. The evidence does not, however, show that the agreement on which he relies was made at the time of the execution of the bond. Several days elapsed between the date when the agreement was alleged to have been made, and the execution and delivery of the papers. Mr. Hurst denied that he made any such agreement and said that he had no authority to make it. The court below held, that as no authority was shown, the defendant was not entitled to the relief which he sought. Whatever mistake there was in this case, was one of law. Defendant was mistaken in the legal effect of the stipulation in the bond, which he signed. He supposed the effect would be to relieve him of personal liability, but his construction of the terms of the bond was erroneous. From the consequences of this mistake, equity will not relieve him. In Norris v. Crowe, 206 Pa. 438, Mr. Justice DEAN, quoting from the opinion by Mr. Justice ROGERS in Good v. Herr, 7 W. & S. 253, said (p. 449): "In no case is ignorance or mistake of the law, with a full knowledge of the facts, per se, a ground for equitable relief." This statement was quoted with approval in Penna. Stove Co.'s App., 225 Pa. 178 (182). In Lancaster v. Flowers, 208 Pa. 199, Mr. Justice THOMP-

SON said (p. 206) : "A mistake of legal rights when everything is known to both parties is not relievable in equity." In Clark v. Lehigh & Wilkes-Barre Coal Co., 250 Pa. 304, our Brother MESTREZAT said (p. 312) : "We are, therefore, dealing here with a mistake of law, pure and simple, unaided by any equitable consideration which should move a chancellor to grant relief. Under these circumstances, it is settled that equity will not relieve against a mistake of law." Citing numerous cases, both in Pennsylvania and elsewhere. In both Norris v. Crowe, supra, and Clark v. Lehigh & Wilkes-Barre Coal Co., supra, the case of Wilson v. Ott, 173 Pa. 253, relied on by counsel for appellant on this point was discussed, and in both instances this court declined to follow that case, but reaffirmed the doctrine of Good v. Herr, 7 W. & S. 253, that ignorance or mistake of the law, with full knowledge of the facts, was not in itself ground for equitable relief. The only way in which the present defendant attempted to connect plaintiffs with the agreement, was through Mr. Hurst, but no evidence was offered to show the extent of his authority. As defendant sought to avail himself of the act of an agent, in order to charge the principals, the burden was upon him to show the extent of the agency. Plaintiffs do not question the agreement which is contained in the bond which they accepted, and there is no evidence that they knew of any other. Their action in ratifying the agreement of which they knew, cannot be extended to a ratification of something of which they had no knowledge. There is ample authority for this principle. In Daley v. Iselin, 218 Pa. 515, speaking through the present Chief Justice we said (p. 518) : "Where the relation of principal and agent exists, before an unauthorized act of the agent can be said to be ratified by the principal, he must have full knowledge of all the material facts and circumstances attending the act." Citing Pittsburgh & Steubensville R. R. Co. v. Gazzam, 32 Pa. 340; Mechem on Agency, Sec. 148. Again in Pollock v. Standard Steel

Car Co., 230 Pa. 136, we said (p. 140): "Ratification presupposes knowledge of all material facts connected with the act intended to be ratified, and the question of ratification cannot arise in the absence of proof that the principal had knowledge of such facts: Wright v. Burbank, 64 Pa. 247; Twelfth Street Market Co. v. Jackson, 102 Pa. 269; Merrick Thread Co. v. Philadelphia Shoe Mfg. Co., 115 Pa. 314; Zoebisch v. Rauch, 133 Pa. 532."

The testimony tends to show that Hurst was authorized to agree that a bond and mortgage should be given for the unpaid purchase-money. In the absence of qualifying language, this would mean a bond in the usual form, with unlimited liability on the part of the obligor. A bond involving no personal liability, would be something entirely different, and would be so out of the ordinary course, as to require express authority to empower an agent to accept it. We agree with the court below that no such authority was shown by the evidence in this case.

The assignments of error are overruled, and the order of the court below discharging the rule to open the judgment, is affirmed. This appeal is dismissed at the cost of appellant.