# Humbert, Appellant, *v.* Meyers et al.

*Contract—Contemporaneous agreement—Evidence—Principal and agent—Bond and mortgage—Agreement limiting lien of bond—Presumption—Clear, precise and indubitable evidence—Principal and agent.*

1. A contemporaneous parol agreement, on the faith of which a written instrument was executed may be shown, but such agreement must be established by clear, precise and indubitable evidence.

2. A general liability upon a bond accompanying a mortgage given for purchase money of real estate, may be limited by a contemporaneous parol agreement on the faith of which it was executed.

3. Where a person is shown to be the general agent of the owners of real estate for the sale or exchange thereof, with authority to transact the entire business relating thereto, he may enter into a contemporaneous agreement by which a bond which the owners sign shall be limited in the lien to the property covered by the mortgage.

4. One who would charge a principal with the acts of an agent must prove the agency and its scope, but these are questions for the jury, when implied from the conduct of the parties or dependent upon parol evidence.

5. Where a written agreement for exchange of lands provides for a loan to one of the parties by the other, and the only security specified is "a first mortgage and bond on said described Garrett property," the lien of the bond is limited to the described property, and this supports an alleged contemporaneous agreement that it should be so limited.

6. Had the security called for been "a bond and mortgage on the Garrett property," it seems there might be presumption of an unlimited bond.

Argued October 18, 1923.    Appeal, No. 66, Oct. T., 1923, by plaintiff, from judgment of C. P. Somerset Co., Feb. T., 1917, No. 18, for defendants n. o. v., in case of Sarah J. Humbert v. Ada E. Meyers and N. Peter Meyers.    Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.    Reversed.

Issue to determine validity of judgment.    Before BAR-NETT, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff.    Judgment for defendants n. o. v.    Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting record.

*Cyrus A. Davis,* of *Eckles & Davis,* with him *Uhl & Early,* for appellant, cited as to agency: Singer Mfg. Co. v. Christian, 211 Pa. 534; Chicago Cottage Organ Co. v. McManigal, 8 Pa. Superior Ct. 632; Jones v. Nat. Building Assn., 94 Pa. 215.

*Clarence L. Shaver,* with him *Norman T. Boose,* for appellees, cited as to agency: Slease v. Naysmith, 14 Pa. Superior Ct. 134; B. & O. Relief Assn. v. Post, 122 Pa. 579; Am. Car & Foundry v. Water Co., 221 Pa. 529; Fee v. Express Co., 38 Pa. Superior Ct. 83; Kroll v. Phila., 240 Pa. 131; Raby v. Cell, 85 Pa. 80; Ludwig v. Gorsuch, 154 Pa. 413.

OPINION BY MR. JUSTICE WALLING, January 7, 1924:

Sarah J. Humbert owned an interest in certain coal lands in West Virginia and Ada E. Meyers and N. Peter Meyers owned a property known as the Fairview Hotel, at Garrett, in Somerset County, Pennsylvania, and a lot adjoining the hotel property, and forming a part of it, was owned by their father, William P. Meyers.    On July 18, 1916, the latter entered into a written contract with Mrs. Humbert to exchange the hotel property, for her

coal lands. The agreement contained, inter alia, a clause as follows: "It is further understood by both parties hereto that said party of the second part [William P. Meyers] will negotiate for said party of the first part hereto [Sarah J. Humbert] a loan for, or furnish five thousand ($5000.00) Dollars on first mortgage and bond on said described Garrett property for a term of three years bearing six per cent interest payable semiannually." The words "and bond" following the word "mortgage" in the clause quoted above were omitted from the printed record, but inserted at bar by agreement of counsel. The transfers were consummated November 15, 1916, at the office of G. D. Howell, Esq., in Pittsburgh. Meantime Meyers had sold the coal lands in question and at his request Mrs. Humbert made the deed therefor direct to the purchaser, who paid Meyers $10,000, from which he made Mrs. Humbert the $5,000 loan specified in the contract. Owing to illness, Mrs. Humbert was not present when the transaction was closed, but was represented by her attorney, Mr. Howell. She had, however, executed and forwarded to him an unrestricted judgment bond and mortgage on the hotel property, payable to Ada E. Meyers and N. Peter Meyers, to secure the $5,000 loan, which were delivered to their father for them by Mr. Howell. The mortgage was recorded at once in Somerset County and presently judgment was entered in the same county on the bond. Thereupon a transcript of the judgment was entered in Fayette County, where Mrs. Humbert owned real estate. Later she presented a petition to the court in Somerset County, asking that the judgment be opened and she let in to a defense. Among the reasons presented for such relief was an alleged contemporaneous parol agreement made between Howell, acting for her, and William P. Meyers, acting for appellees, to the effect that any judgment entered on the bond should be restricted to the hotel property. An answer was filed and testimony taken; upon consideration of which the lower court

made an order as follows: "Now, June 5, 1920, the rule to open the judgment is made absolute and it is ordered that the issue thereunder be confined to the question of the alleged promise of William P. Meyers, the plaintiffs' agent, that the lien of the judgment should be restricted to the real estate owned by the defendant [Mrs. Humbert] at Garrett, in Somerset County, Pennsylvania." In the issue so ordered Mrs. Humbert was made plain- tiff and Ada E. Meyers and N. Peter Meyers defendants. The trial thereof was restricted by the court to two ques- tions, which with the jury's answers were:

"(1st). Was there an agreement between George Howell, attorney and agent for Sarah J. Humbert, and William P. Meyers, father and agent of Ada E. Meyers and N. Peter Meyers, that the lien of any judgment entered on the mortgage bond should be confined to the real estate at Garrett, Somerset County, Pennsylvania? Answer: Yes.

"(2d). If there was such an agreement, did it go further and provide that no execution should be issued upon such judgment against any property, real or per- sonal, of the said Sarah J. Humbert, except the said real estate at Garrett, Somerset County, Pennsylvania? Answer: Yes." Thereafter the trial court entered judg- ment n. o. v. for the defendants in the issue; from which the plaintiff therein brought this appeal.

The judgment cannot be sustained. Howell's testi- mony is that when he saw the bond was unrestricted and contained a judgment clause he declined to deliver it until the agent, William P. Meyers, orally agreed that the lien of, or execution issued upon, any judgment entered on the bond should be restricted to the hotel property at Garrett, and on the faith of such agreement witness delivered the bond. This testimony is corrobo- rated by that of Mrs. Humbert's son and daughter, who were present in Mr. Howell's office, but is contradicted by that of William P. Meyers. That a contemporaneous parol agreement, on the faith of which a written instru-

ment was executed (here delivered), may be shown is undoubted, but the former must be established by clear, precise and indubitable evidence: Dixon v. Minogue, 276 Pa. 562; Organ Co. v. McManigal, 8 Pa. Superior Ct. 632; see also Gandy v. Weckerly, 220 Pa. 285; Walker v. France, 112 Pa. 203. Here, the evidence, if true, and that was for the jury, was of such character. In the case of Shields v. Hitchman, 251 Pa. 455, relied upon by appellees, the alleged parol agreement was made several days before and not contemporaneous with the execution and delivery of the papers. Nearer in point is Schweyer v. Walbert, 190 Pa. 334, to the effect that general liability upon a bond accompanying a mortgage, given for purchase money of real estate, may be limited by a contemporaneous parol agreement on the faith of which it was executed; and see Hoeveler v. Mugele, 66 Pa. 348; Irwin v. Shoemaker, 8 W. & S. 75. The action of the trial court entering judgment for defendants, was not based on want of proof to support the jury's findings, but on lack of evidence of authority in defendants' agent, William P. Meyers, to make the parol agreement. The answer to Mrs. Humbert's petition to open judgment expressly admits the agency of William P. Meyers for Ada E. and N. Peter Meyers, for the exchange of the properties in question, and, while denying that he made the alleged parol agreement, makes no denial of his authority to do so. Furthermore, the entire negotiations leading up to and including the execution of the original contract were had by the agent in his own name, and the principals ratified his acts and executed the deed accordingly. When the time came to close the transaction the agent alone did it. Meantime he alone had negotiated a sale of the coal lands which the principals ratified, and accepted the proceeds. While there is in the evidence a denial of the agent's authority to restrict the bond, yet the transaction taken as a whole supports the conclusion that the father, William P. Meyers, was the general agent for his son and

daughter in the exchange of the properties in question, with authority to transact the entire business relating thereto. If so, the parol agreement, limiting the operation of the bond, binds his principals (see Craig et al. v. Cosgrove, 277 Pa. 580, 583; Pittsburgh Mfg. Co. v. Title & Trust Co., 207 Pa. 223; Bannon v. C. Aultman & Co., 80 Wis. 307, 27 Am. R. 37; Kane v. Cortesy, 100 N. Y. 132, 2 N. E. 874), although he had no express specific authority, as the greater power includes the less. In Shields v. Hitchman, supra, nothing appears · to support a finding of a general agency, or of special authority to limit the effect of the bond there in question. Of course, one who would charge the principal with the acts of the agent must prove the agency and its scope (Am. Car Foundry Co. v. Water Co., 221 Pa. 529; Moore's Executors v. Patterson, 28 Pa. 505), but these are questions for the jury when implied from the conduct of the parties or dependent upon parol evidence: Am. Car Foundry Co. v. Water Co., 218 Pa. 542; Singer Mfg. Co. v. Christian, 211 Pa. 534. In the instant case the trial judge submitted the question of the agent's authority to the jury, as if properly raised, stating, inter alia: "Is there in the case authority ·to warrant Mr. Meyers, as agent of the defendants in this case, to make such an agreement? If there is not, then both of the questions to be submitted to you should be answered 'no.'" A like instruction was also given by the affirmance of defendants' (appellees') second and third points. Hence, the affirmative answers of the jury to the questions submitted imply a finding that the agent was authorized to make the parol agreement. We say, "as if properly raised," because no question as to the agent's authority is found in the answer to the petition, the order of the court opening the judgment and directing an issue, or in the written questions submitted to the jury.

Moreover, the parol agreement did not depart from the original contract, as the only security therein re-

quired for the loan is "a first mortgage and bond on said described Garrett property." There is no requirement for personal security or that the bond, in addition to affording a lien on certain property, should extend to other property. Giving full effect to the parol agreement, appellees still have a first mortgage and bond on the described property, and the written contract calls for nothing more. It must be kept in mind that it is a bond on certain property, not a general bond that is specified. Had the security called for been "a bond and mortgage on the Garrett property," a different question would be presented. Then the presumption of an unlimited bond as held in Shields v. Hitchman, supra, might apply.

The judgment is reversed and is here entered on the verdict for the plaintiff in the issue.