# Humbert, Admr., Appellant, *v.* Meyers.

*Deceit—Action for—Evidence—Insufficiency.*

The general rule is that to support an action of deceit it must appear that the fraudulent representation complained of was untrue; that the defendant knew, or ought to have known, at the time it was made, that it was untrue; that it was calculated to induce the plaintiff to act upon it, and that, believing it to be true, the latter was so induced to act accordingly.

In an action of trespass for deceit, a judgment for defendant non obstante veredicto is proper, where the evidence established that the plaintiff, at some time prior to the time, when she alleged fraudulent misrepresentations were made, had agreed to do what she alleged she did on the faith of said representations.

Having executed a binding contract before the fraudulent misrepresentations were made, she had no right to rescind or legal excuse for not performing the same.

Argued April 17, 1924. Appeal, No. 167, April T., 1924, by plaintiff, from judgment of C. P. Somerset Co., Sept. T., 1922, No. 1908, in favor of defendant non obstante veredicto in the case of W. Arthur Humbert, Administrator of the Estate of Sarah J. Humbert, Deceased, v. William P. Meyers. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass for deceit. Before REED, P. J., O. C. of the 47th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,000.

Subsequently, on motion, the court entered judgment in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Cyrus A. Davis,* and with him *Uhl & Ealy,* for appellant, cited: Holmes v. Rivers, 124 Northwestern 801; 14 Am. & Eng. Ency. of Law (2d Ed., 120); Max Meadows Land & Imp. Co. v. Mendenhall, 4 Superior Ct. 398; Walters v. American Bridge Co., 234 Pa. 7; Chambers v. Mesta Machine Co., 251 Pa. 618.

*Clarence L. Shaver,* and with him *Norman T. Boose,* for appellees, cited: Mahaffy v. Ferguson, 156 Pa. 156; Slaughter v. Gerson, 13 Wallace 383; Farnsworth v. Duffner, 142 U. S. 47; Shisler v. Baxter, 109 Pa. 443; Wetherill v. Neilson, 20 Pa. 453; Farrer v. Churchill, 135 U. S. 609.

OPINION BY LINN, J., July 2, 1924:

Plaintiff got a verdict for deceit; the court entered judgment for defendant notwithstanding the verdict, and plaintiff now complains of that order. In Hexter v. Bast, 125 Pa. 52, at 71, it is said: "The general rule is, that to support an action of deceit, properly so-called, it must appear that the fraudulent representation complained of was untrue; that the defendant knew, or ought to have known, at the time it was made, that it was untrue; that it was calculated to induce the plaintiff to act upon it, and that, believing it to be true, he was so induced to act accordingly: Cox v. Highley, 100 Pa. 249." When that rule is applied to the record we find that no deceit was shown; that, on the contrary, some months before the alleged fraudulent representations were said to have been made and acted upon, plaintiff by writing under seal, had agreed to do what, in this suit, it is alleged she did on the faith of the representations; in other words, she performed a contract which, so far as appears now, she had then no right to rescind, or legal excuse for not performing. Binding instructions for defendant should have been given and, being refused, judgment notwithstanding the verdict, was proper.

On July 18, 1916, Mrs. Humbert, who died since a prior trial of the case, by writing agreed with one, Meyers, to exchange on or before November 15, 1916, her interest in certain coal lands, for a certain hotel owned by him; neither dealt personally with, or saw the property of, the other; a real estate broker, Reynolds, acted for each, plaintiff's son on her behalf examining the hotel. In the same paper, Meyers agreed to negotiate for Mrs. Humbert a $5,000 loan, to be secured on the hotel (a phase of the transaction considered in Humbert v. Meyers, 279 Pa. 171). Shortly before November 15, 1916, for the purpose of performing her contract, Mrs. Humbert executed a deed, conveying her interest in the coal lands, and also executed a bond and mortgage on the hotel, which was to be conveyed to her pursuant to the contract. Up to this point, in the transaction, there is no suggestion of deceit, misrepresentation, or misunderstanding of any kind. Then both parties to the contract were bound to perform their respective undertakings by delivering the documents necessary to make the exchange. It is at this stage of the matter, on November 15, 1916, when nothing remained to be done except to deliver the deeds and make the loan, that appellant avers the deceit was practiced. Her daughter was permitted to testify that after plaintiff executed the papers, as has been stated, she gave them to the daughter and, as the daughter said: "told me to take it [the deed] in [to the settlement which Mrs. Humbert could not attend] and talk it over with Mr. Meyers and see if the property was really worth $20,000." She testified that she attended the settlement, and there asked Meyers the value of the hotel, and that Meyers said it was worth $21,000; "that the lot cost him $3,000 and the building cost him $18,000 to erect, and that it had rented a short time before for $2,000 a year"; she adds that relying "entirely on Mr. Meyers' representations," she delivered the executed papers and subsequently learned the representations were false.

We need not discuss the deceitful character of the representations (12 R. C. L., sections 44 and 49, p. 279, etc.) ; nor refer to other evidence in the record, because it is clear from what has been stated that plaintiff merely did what she had agreed to do by the contract of July, then uninfluenced by any alleged misrepresentations; accordingly no cause of action was shown.

Judgment affirmed.