## Commonwealth ex rel. v. Donoghue et al.

*Schnader & Lewis,* for plaintiff.

*Charles J. Margiotti, Edwin Friedman* and *Francis J. Myers,* for defendants.

MCDEVITT, P. J., December 13, 1937.—This matter comes before the court on a suggestion for a writ of quo warranto addressed to Joseph Donoghue and Herbert J. McGlinchey, directing them to show by what authority they claim to possess or exercise the offices of mercantile appraisers for the City and County of Philadelphia.

The controversy revolves about the Act of May 28, 1937, P. L. 1052, which reads as follows:

"Section 1. Be it enacted, &c., That section one of the act, approved the seventeenth day of July, one thousand nine hundred nineteen (Pamphlet Laws, one thousand twenty-five), entitled 'A supplement to an act, approved the second day of May, one thousand eight hundred and ninety-nine (Pamphlet Laws, one hundred and eighty-four), entitled "An act to provide revenue by imposing a mercantile license tax on vendors of or dealers in goods, wares, and merchandise, and providing for the collection of said tax," ' is hereby amended to read as follows:

"Section 1. Be it enacted, &c., That in all cities of the first class, on or before the first day of June, one thousand nine hundred and thirty-seven, and on or before the

first day of June of each year thereafter, the Auditor General shall appoint five suitable qualified citizens as mercantile appraisers for a period of one year. Not all of said appraisers shall be members of the same political party. The powers, duties, and compensation of said appraisers shall be as now provided by law.

"Section 2. The terms of mercantile appraisers in cities of the first class in office immediately prior to the first day of June, one thousand nine hundred thirty-seven, are hereby terminated as of that date."

Coincident with the approval of this act, Thomas W. Cunningham, Jr., then a member of the board of mercantile appraisers, tendered his resignation to the Auditor General of the Commonwealth, and on June 3rd the same was accepted by the Auditor General. Subsequently, Cunningham's comembers instituted quo warranto proceedings in Common Pleas Court No. 6, as of June term, 1937, no. 1753, against their successors who had been appointed by the Auditor General, pursuant to the provisions of section 2 of Act no. 285, supra.

The respondents demurred to the answer, and Common Pleas Court No. 6 of Philadelphia County, in an opinion by Flood, J., as of August 19, 1937, entered judgment in favor of the Commonwealth and against four of the respondents, George T. Crevey, Herbert J. McGlinchey, Joseph Marinelli and Edward J. Cook, 30 D. & C. 350. The respondent, Benjamin H. Green, however, was exempted from the order of removal on the theory that he had been appointed under the provisions of the Act of 1919, and would continue to serve by virtue of his prior appointment.

In a very exhaustive opinion, Judge Flood decided that section 2 of the act in controversy was unconstitutional, but that section 1 was constitutional.

Subsequent to the reinstatement by Common Pleas Court No. 6 of Mercantile Appraisers McGarvey, Lee, Hart, and Green, the Auditor General, as of September 3, 1937, appointed Joseph Donoghue to fill the vacancy

caused by the resignation of Thomas W. Cunningham, Jr. On September 4, 1937, Benjamin H. Green departed this life, and on September 10, 1937, the Auditor General of the Commonwealth appointed Herbert J. McGlinchey, one of the defendants, to fill the vacancy.

The action now before the court is to remove both Donoghue and McGlinchey; Donoghue on the theory that Cunningham's resignation was null and void, because he resigned under a mistake of law, and McGlinchey, on the theory that the Auditor General has no right to make appointments without the approval of the City Treasurer of Philadelphia because of the constitutional defects in section 1 of Act no. 285, above referred to.

It was suggested at the time of argument that section 1 of the Act of May 28, 1937, was not before Common Pleas Court No. 6, and that, therefore, its validity cannot be determined by the dictum of the court. This court disagrees with such theory, but in order that there may be no doubt, this court finds that section 1 of said act does not violate any of the provisions of the constitution. It is, of course, well settled, under article III, section 13 of the Pennsylvania Constitution, that: "No law shall extend the term of any public Officer, or increase or diminish his salary or emoluments, after his election or appointment." And under article VI, section 4, that: "Appointed officers . . . may be removed at the pleasure of the power by which they shall have been appointed." For this reason, the board in existence at the time of the passage of the act in controversy could not be removed, but at the same time the legislature had a right to change the method of appointment for the future.

As recently as Suermann et al. v. Hadley, Treasurer, 327 Pa. 190, Mr. Chief Justice Kephart thoroughly discussed the right of the legislature to change an appointing power, but limited its action prospectively. In the same opinion, the learned Chief Justice said, at p. 198:

"May we strike from the Act the unconstitutional portion and thereby save the remainder? A statute may be

unconstitutional in part and yet be sustained with the offending part omitted, if the paramount intent of the legislature will not be destroyed thereby: *Rothermel v. Meyerle*, 136 Pa. 250. See also *Commonwealth v. Snyder*, 279 Pa. 234, 244; *Bagley Co., Inc., v. Cameron*, 282 Pa. 84, 89; *Commonwealth v. Humphrey*, 288 Pa. 280, 290; *Commonwealth v. Great American Indemnity Co.*, 312 Pa. 183, 197, and *Commonwealth v. Schuylkill Trust Co.*, 327 Pa. 127. As the act did not, in terms, abolish the offices of the old members, the provisions for appointment of new members must be construed to be prospective."

Thus in a very recent and very exhaustive opinion, the Supreme Court has decided within six months, that the method of appointment may be changed prospectively, that an unconstitutional portion of an act may be stricken out, and that the statute thus corrected may be sustained.

Under the terms of the act in controversy, the situation may be summarized as follows: The members of the board of mercantile appraisers in office as of May 28, 1937, appointed under the provisions of the Act of July 17, 1919, P. L. 1025, cannot be removed except by death or legal cause until the expiration of the terms to which they were appointed, namely, four years. Upon the expiration of their terms, their successors will be appointed by the method provided by the Act of 1937, to wit, by the Auditor General, and for terms of one year each. So far as the respondent McGlinchey is concerned, there can be no question about the validity of his appointment, because the method provided in section 1 of the act covers the filling of vacancies. In addition to the questions of constitutionality raised by the complainant, Cunningham, he contends that he resigned under a mistake of law. Having tendered his resignation on May 28, 1937, and the same being accepted as of June 3, 1937, Cunningham's status remained unchanged until the filing of the suggestion for quo warranto on or about September 16, 1937. Admitting for the sake of discussion that he had tendered his resignation under a mistake of law, such a resignation

tendered and accepted by the proper person is irrevocable. Mr. Cunningham's term, if section 2 of the act in controversy had been constitutional, would not have expired for three days after that upon which he tendered his resignation, so that six days elapsed between the tender and the acceptance. It was not a conditional or prospective resignation, and, therefore, was a finality, so far as Cunningham was concerned. It appears as Exhibit A in the pleadings, and is without qualification.

It is a well-recognized principle of law that ignorance, a mistake of law, a misconception of law, erroneous deduction or misapprehension of legal rights, furnish no ground for relief: See 21 C. J. 93, sec. 69, and 10 R. C. L. 304, sec. 48.

The matter is discussed in detail in Clark v. Lehigh & Wilkes-Barre Coal Co., 250 Pa. 304. The court said, at p. 312:

"We are, therefore, dealing here with a mistake of law, pure and simple, unaided by any equitable consideration which should move a chancellor to grant relief. Under these circumstances, it is settled that equity will not relieve against a mistake of law: Good v. Herr, 7 W. & S. 253; McAninch and wife v. Laughlin, 13 Pa. 371; Light v. Light, 21 Pa. 407; Clapp v. Hoffman, 169 Pa. 531; Norris v. Crowe, 206 Pa. 438; Pennsylvania Stave Co.'s App., 225 Pa. 178; Untermehle v. Norment, 197 U. S. 40; Midland Great Western Ry. Co. v. Johnson, 6 House of Lords' Cases 798. The rule is stated by Mr. Pomeroy (2 Pom. Eq. Jur. 3 Ed. Sec. 842) as follows: 'The doctrine is settled that, in general, a mistake of law, pure and simple, is not adequate ground for relief. Where a party with knowledge of all the material facts, and without any other special circumstances giving rise to an equity in his behalf, enters into a transaction affecting his interests, rights and liabilities, under an ignorance or error with respect to the rules of law controlling the case, courts will not, in general, relieve him from the consequences of his mistake.' "

See also Shields v. Hitchman, 251 Pa. 455, and Kennedy's Estate, 321 Pa. 225.

Exceptions to this rule have always been predicated upon fraud, improper conduct, undue influence and confidence or marked disparity in the position and intelligence of the parties. None of these theories could be applied to the matter in dispute. All parties had full knowledge of the law and of the material facts and circumstances bearing upon the statute which was subsequently annulled in part.

The court is of the opinion that the respondents are rightfully and lawfully entitled to hold and occupy their respective offices as members of the Board of Mercantile Appraisers of Philadelphia County to which they were legally appointed by the Auditor General, and the suggestion for quo warranto is therefore dismissed.